UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACEY KIRKLAND,<br><br>                    Plaintiff,<br><br>          - against -<br><br>MANATT, PHELPS and PHILLIPS, LLP; and<br>KROLL BACKGROUND AMERICA, INC.<br>d/b/a INFOLINK SCREENING SERVICES,<br>INC.,<br><br>                    Defendants. | 08-CV-3371 (DAB) (JCF)<br><br>ECF Case<br><br>**NOTICE OF MOTION AND<br>MOTION TO DISMISS OR STAY<br>THIS ACTION AND COMPEL<br>ARBITRATION** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, upon the accompanying Declaration of Patricia Sanjuan, sworn to on June 23, 2008, and the exhibits annexed thereto, the accompanying Memorandum of Law, and the pleadings and papers on file herein, including Plaintiff's Verified Complaint (a copy of which is annexed hereto as Exhibit 1), Defendant Manatt, Phelps & Phillips, LLP ("Defendant"), by and through its counsel of record, Littler Mendelson, P.C., will and hereby does move the above-captioned Court, before the Honorable Deborah A. Batts, United States District Judge of the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York 10007, on a date and time to be set by the Court if oral argument is permitted, for an order, pursuant to Rules 12(b)(1) and/or (6) of Federal Rules of

\\

\\

\\

\\

\\

\\

Civil Procedure, dismissing or, in the alternative, staying these proceedings and compelling arbitration and for such other and further relief as the Court deems just and proper.

Dated: June 23, 2008
        New York, New York

                                        _____/s/_____
                                        David S. Warner (DW-4576)
                                        Diana R. Nance (DN-5823)

                                        LITTLER MENDELSON, P.C.
                                        885 Third Avenue, 16th Floor
                                        New York, NY  10022.4834
                                        Telephone:  212.583.9600
                                        Facsimile:  212.832.2719
                                        Email:  dwarner@littler.com
                                                dnance@littler.com

                                        Attorneys for Defendant

EXHIBIT 1

JUDGE BATTS          08 CV 3371

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
STACEY KIRKLAND a/k/a                        :
ZOSERA STACEY KIRKLAND,                      :
                              Plaintiff,     :   Docket No.
                                             :   08 Civ. _____
            -against-                        :
                                             :
MANATT, PHELPS and PHILLIPS, LLP; and        :   **VERIFIED COMPLAINT**
KROLL, INC. d/b/a INFOLINK SCREENING         :
SERVICES, INC.,                              :   PLAINTIFFS DEMAND TRIAL
                              Defendants.     :   BY JURY PURSUANT TO
                                             :   FED. R. CIV. P. 38
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## PRELIMINARY STATEMENT

1.    This lawsuit is brought against an employer and a
background screening company for violations of the Federal Fair
Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, et seq.); the
New York State Fair Credit Reporting Act ("NYFCRA") (Article 25
of the New York State General Business Law ["GBL"] § 380, et
seq.); Article 23-A of the New York State Corrections Law
("CORR") §§ 750 to 755; the New York State Human Rights Law
(Article 15 of the New York State Executive Law ["EXEC"] §§ 290
to 301) and defamation.

2.    Defendant Manatt, Phelps and Phillips, LLP ("Manatt")
rescinded an offer of permanent employment and terminated
Plaintiff from her position as a temporary employee because
Manatt received a background report (the "InfoLink Report") on
Plaintiff from Defendant Kroll Inc. ("Kroll") doing business as
InfoLink Screening Services, Inc. ("InfoLink") which falsely
stated that Plaintiff had been convicted of two misdemeanors that
had been dismissed almost seven years before InfoLink
investigated Plaintiff's criminal history for Manatt.

3. The false negative information in the InfoLink Report was based on Plaintiff's arrest at a peaceful political demonstration which occurred more than seven years prior to the date of the report in violation of 15 U.S.C. § 1681c(a)(2). InfoLink failed to verify the accuracy of the false information pertaining to Plaintiff's criminal record and failed to correct the erroneous information within 30 days as required by 15 U.S.C. §§1681d(d)(3) and 1681i(a)(1)(A).

4. Manatt terminated Plaintiff's temporary employment and rescinded Manatt's offer of permanent employment without providing Plaintiff with a copy of the InfoLink Report or providing her with the other written disclosures required by the FCRA. 15 U.S.C. § 1681b(b)(3)(A). Manatt wilfully relied on the InfoLink Report that erroneously stated that Plaintiff had been convicted of two misdemeanors despite being provided with a copy of a certified disposition issued by the clerk of the court where the case referred to in the InfoLink Report had been prosecuted stating that those charges had been dismissed.

5. Plaintiff seeks declaratory judgment, compensatory and punitive damages, and costs as well as injunctive relief to insure that Plaintiff and similarly situated persons are not subjected to similar unfair employment practices and background search practices by Manatt and Kroll as complained of herein and to insure that any other persons who may received erroneous and defamatory information pertaining to Plaintiff published by Kroll are notified that Plaintiff was never convicted of a crime.

Plaintiff also seeks attorney fees for violations of the FCRA and the NYFCRA by Manatt and Kroll.

## JURISDICTION AND VENUE

6.    Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, which provides for original jurisdiction in this Court over claims arising under the FCRA and by 28 U.S.C. § 1367 which grants the Court supplemental jurisdiction over state law claims related to original federal claims.

7.    Jurisdiction is also conferred by 28 U.S.C. § 1332 because Plaintiff is a citizen of New York and Manatt is a California partnership with a New York office and the amount in controversy exceeds $75,000. Kroll is a Delaware corporation with its corporate headquarters in New York.

8.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because the acts complained of substantially occurred in this district where Plaintiff was employed at Manatt's office in the county of New York.

9.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(a)(1) and (2) because Defendants both maintain offices in this district and the acts complained of substantially occurred in this district.

3

## THE PARTIES

10.   Defendant MANATT, PHELPS AND PHILLIPS, LLP ("MANATT") is a law firm with an office in the Southern District of New York. On information and belief, Manatt is a California limited partnership with its main office in Los Angeles.

11.   Defendant KROLL, INC. ("KROLL") is a Delaware corporation that has its corporate headquarters in the Southern District of New York. INFOLINK SCREENING SERVICES, INC. ("INFOLINK"), was formerly a California corporation which became defunct after it was acquired by Kroll in March, 2006. InfoLink now operates as the West Coast hub office for Kroll's Background Services Division. Kroll was doing business as InfoLink at all times relevant to this complaint. Throughout this Complaint the term "Kroll" shall be deemed to also refer to and include Kroll's subsidiary, InfoLink.

12.   Plaintiff STACEY KIRKLAND a/k/a ZOSERA STACEY KIRKLAND ("KIRKLAND") accepted an offer of permanent employment as a litigation paralegal from Manatt in March 2007 and subsequently began work at Manatt as a temporary paralegal pending completion of a background check by InfoLink. Manatt withdrew the offer of permanent employment and terminated Kirkland from her temporary job in reliance on a background report prepared by InfoLink that falsely stated that Ms. Kirkland had been convicted of two misdemeanors.

4

## **THE FACTS**

13.    Ms. Kirkland  accepted a verbal offer of permanent employment as a litigation paralegal at the New York office of Manatt on or about March 16, 2007. She was told that the offer was contingent upon completion of a background check but she would be able to start work immediately as a temporary employee until the background check was completed.

14.    Ms. Kirkland started work at Manatt's New York office on March 19, 2007. The verbal offer of employment was confirmed in a letter from Manatt dated March 26, 2007.

15.    Manatt's offer letter reiterated the conditions of the offer that Ms. Kirkland previously accepted. The position had an annual salary of $50,000.00 plus a 401-K pension plan and medical benefits. The March 26th letter also stated that the offer was contingent on a background check which would include Ms. Kirkland's criminal history.

16.    InfoLink transmitted a report to Manatt dated April 6, 2007 (the "InfoLink Report") erroneously stating that on May 1, 2000 Ms. Kirkland had been convicted of the misdemeanors of Resisting Arrest [New York Penal Law (P.L.) § 205.30] and Obstructing Government Administration [P.L. 195.05] in case number 2000NY035109 in New York County Criminal Court.

17.    In violation of 15 U.S.C. § 1681c(a)(2), the InfoLink Report also stated that Ms. Kirkland had been arrested on April 5, 2000, more than seven years prior to the date of the April 6, 2007 InfoLink Report.

5

18.   On April 6, 2007 Manatt's Human Resources Coordinator,
Holly Brown, called Ms. Kirkland and told her that Manatt
received a report that Ms. Kirkland had been convicted of two
misdemeanors in New York County on May 1, 2000 which Ms. Kirkland
had not reported on her employment application. Ms. Kirkland told
Ms. Brown that she had not been convicted of any misdemeanors and
that she wanted to correct the erroneous information in the
background report. Ms. Brown told Ms. Kirkland that Brown would
check with Manatt's general counsel and get back to her.

19.   On April 11, 2000 Plaintiff sent an e-mail to Holly
Brown stating that Ms. Kirkland had truthfully stated on her
employment application that she had never been convicted of a
crime. In the April 11th e-mail Ms. Kirkland stated that she had
been arrested at a demonstration on April 5, 2000 and was charged
with Resisting Arrest, Obstructing Government Administration and
Disorderly Conduct (P.L. 240.20). Ms. Kirkland's e-mail also
stated that on May 1, 2000 the two misdemeanor charges were
dismissed when she pled guilty to Disorderly Conduct, which is a
violation, not a crime, under New York law.

20.   Under New York law only misdemeanors or felonies are
designated "crimes" while violations, such as disorderly conduct,
are defined as "petty offenses" and are not crimes. New York
Criminal Procedure Law ["CPL"] § 1.20(39); P.L. §§ 10.00(3)
through 10(6)) and P.L. §55.10.

21.   New York prohibits employers from taking any adverse
action against an employee or a job applicant based on a

6

conviction for a violation, such as disorderly conduct. EXEC §

296(16) provides, in relevant part:

> It shall be an unlawful discriminatory practice, unless
> specifically required or permitted by statute, for any
> [employer] **to make any inquiry about, whether in any
> form of application or otherwise, or to act upon
> adversely to the individual involved**, any arrest or
> criminal accusation of such individual not then pending
> against that individual which was followed by . . . **a
> conviction for a violation sealed pursuant to section
> 160.55 of the criminal procedure law in connection with
> the licensing, employment or providing of credit or
> insurance to such individual. . .** [Emphasis added].

See also CORR §§ 752 and 752.

    22.  Ms. Kirkland's conviction for disorderly conduct had

been sealed pursuant to P.L. § 160.55.

    23.  On April 13, 2007 Patricia Dooley, the Human Resources

Director for Manatt's New York office, told Ms. Kirkland that

Manatt's offer of permanent employment was withdrawn and Ms.

Kirkland's temporary assignment was terminated effective

immediately because of the InfoLink Report.

    24.  Ms. Kirkland told Ms. Dooley that she had never been

convicted of any crimes; the information Manatt was relying on

was false and Ms. Kirkland wanted to correct the false report.

    25.  In violation of 15 U.S.C. § 1681b(b)(3)(A), **Ms.**

Kirkland was not given a copy of the InfoLink Report on which

Manatt relied, nor was she given any written notification of her

rights to contest the report when she was terminated on April 13,

2007.

    26.  On April 17, 2007 Plaintiff's counsel spoke with

Manatt's Senior Associate General Counsel Kelly Firment and told

Ms. Firment that Plaintiff's counsel had represented Plaintiff in
case #2000NY035109 on May 1, 2000 and confirmed the information
in Plaintiff's April 11th e-mail. Plaintiff's counsel transmitted
letters by facsimile and mail to Ms. Firment on April 18 and 19,
2007, confirming that Plaintiff had not been convicted of any
crimes. A copy of the disposition of case #2000NY035109 certified
by the clerk of the New York County Criminal Court was
transmitted to Ms. Firment with the April 19th letter by
facsimile and mail. The April 19th letter also included the
address and phone number of the New York County Criminal Court
Clerk's office and the direct phone number of a supervisor in the
clerk's office who could verify that both misdemeanor charges
against Plaintiff were dropped when she pled guilty to the petty
offense of disorderly conduct, which is not a crime.

27.   On April 19, 2007 Plaintiff's counsel faxed a letter to
Judy Lutz of InfoLink disputing the accuracy of the criminal
history contained in the InfoLink Report. The letter informed Ms.
Lutz that Plaintiff had not been convicted of misdemeanors and
demanded that InfoLink immediately notify Manatt and any other
parties that had received erroneous information about Plaintiff;
notify Plaintiff's attorney of the source of the incorrect
information; correct InfoLink's files and databases; immediately
transmit to Plaintiff's attorney all information retained by
InfoLink pertaining to Plaintiff as well as the names and
addresses of any parties who may have received or had access to
the erroneous information from InfoLink.

8

28.   Kroll's website states that Kroll maintains databases where clients of Kroll and/or InfoLink may access confidential information pertaining to persons, such as Plaintiff, who have been subjects of background investigations by Kroll and/or InfoLink.

29.   A copy of the April 19, 2007 letter to Ms. Lutz was contemporaneously faxed to Ms. Firment. On April 20, 2007 Plaintiff's counsel transmitted a corrected copy of the April 19th letter to Ms. Lutz and Ms. Firment by fax[1].

30.   On May 1, 2007 Anna Freeman, a supervisor for Kroll's reinvestigation unit, called Plaintiff's attorney and faxed him a copy of the disposition of case #2000NY035109. Ms. Freeman subsequently said that the criminal history in the InfoLink Report would be corrected to delete the incorrect information alleging that Plaintiff was convicted of Resisting Arrest and Obstructing Government Administration. On the same day Plaintiff's attorney called Ms. Firment and told her that Kroll had assured him that the April 6 InfoLink Report would be corrected to expunge the false information alleging that Plaintiff had been convicted of a crime.

31.   In a letter to Plaintiff's counsel dated May 3, 2007 Ms. Firment stated that insofar as Manatt had not received any correction from InfoLink "the information contained in Infolink's [sic] report of April 6, 2007 stands, and it appears that Ms.

---

[1]    The April 20th letter corrected the spelling of Plaintiff's name but was otherwise identical to the letter faxed on April 19th.

Kirkland was required to disclose her conviction(s) on her employment application but failed to do so. Manatt's legitimate business needs prevent it from holding open the position Ms. Kirkland seeks any longer. The position has since been filled and is no longer available."

32.    On May 17, 2007 Ms. Firment wrote to Plaintiff's counsel again and stated:

> ". . . it is important to note that despite the fact that you had a discussion with an Infolink [sic] representative, we have yet to receive anything from Infolink [sic] to confirm your statement that the information in Infolink's [sic] report pertaining to Ms. Kirkland's alleged criminal convictions was inaccurate and would be corrected.

> "It has been over a month.  Accordingly, the information in Infolink's [sic] report of April 6, 2007 stands. The position has since been filled and is no longer available."

33.    On May 22, 2007 InfoLink faxed a corrected copy of the April 6th InfoLink Report to Plaintiff's counsel who immediately faxed and mailed the corrected report to Ms. Firment. The corrected report deleted all references to the convictions that had been erroneously reported in the original InfoLink Report. The corrected InfoLink Report stated that InfoLink's investigation of Plaintiff's criminal history found no criminal convictions.

### AS AND FOR A FIRST CAUSE OF ACTION
Manatt Violated the Federal Fair Credit Reporting Act (FCRA)

34.    By taking adverse action against Plaintiff on April 13, 2007 before providing her with a copy of the InfoLink Report, and terminating Plaintiff's temporary job and revoking Manatt's offer

10

of permanent employment without making the written disclosures required by 15 U.S.C. § 1681b(b)(3)(A)(ii), Manatt wilfully or negligently violated the provisions of the FCRA, including, but not limited to, 15 U.S.C. §§ 1681b(b)(3)(A)(i) and (ii).

35.   Manatt's violation of 15 U.S.C. § 1681b(b)(3)(A)(ii) continued after Manatt disclosed a copy of the InfoLink report to Plaintiff's counsel on April 17, 2007 because Manatt never made the written disclosures required by that statute.

36.   Manatt failed to make the disclosures to Plaintiff required by the FCRA, including , but not limited to the requirements set forth in 15 U.S.C. §§ 1681d(b) and 1681m(a) and failed to establish or maintain adequate procedures to insure compliance with Manatt's obligation to disclose to Plaintiff and similarly situated persons in wilful or negligent violation of the provisions of the FCRA, including, but not limited to, 15 U.S.C. §§ 1681d(c) and 1681m(c).

### AS AND FOR A SECOND CAUSE OF ACTION
Manatt Violated NY CORR §§ 752 and 753

37.   Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

38.   Even if Plaintiff had been convicted of Resisting Arrest and Obstructing Governmental Administration at a demonstration seven years before applying for employment at Manatt, those convictions would have had no relationship to her ability to perform her duties as a paralegal at Manatt nor would her employment at Manatt have posed an unreasonable risk to

11

property or safety. Accordingly, Manatt's decision to terminate Plaintiff's temporary job and to withdraw its offer of permanent employment was made in violation of CORR § 752 and Manatt failed to consider the factors set forth in CORR § 753 that employers are required to consider before taking adverse action against an employee or job applicant based on a criminal conviction.

**AS AND FOR A THIRD CAUSE OF ACTION**

Manatt Violated NY EXEC § 296(16) and CORR §§ 752 and 753

39.   Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

40.   Manatt violated EXEC § 296(16) by (i) taking adverse action against Plaintiff in reliance on her conviction for the petty offense of disorderly conduct and, (ii) alleging that Plaintiff failed to disclose on her employment application information pertaining to her conviction for a violation that was sealed pursuant to CPL § 160.55.

41.   By taking adverse action against Plaintiff based on her conviction for the violation of disorderly conduct Manatt also violated CORR § 752 and failed to apply the criteria required by CORR § 753.

42.   Plaintiff truthfully stated on her employment application that she had not been convicted of a crime because her conviction for disorderly conduct was for a violation which under New York Law is a petty offense, not a crime. Moreover, EXEC § 296(16) prohibited Manatt from making any inquiry concerning an applicant's conviction for an offense sealed

12

pursuant to CPL § 160.55 or from taking any adverse employment
action based upon such a conviction.

### AS AND FOR A FOURTH CAUSE OF ACTION
Manatt Wilfully Relied On False Information

43.  Plaintiff repeats and realleges each and every
paragraph set forth above as if fully set forth herein.

44.  Manatt rescinded its offer of permanent employment to
Plaintiff and terminated her temporary employment in wilful
reliance on information about Plaintiff's criminal history
reported by Kroll d/b/a InfoLink that Manatt knew, or should have
known, was false. Manatt wilfully continued to rely on the
erroneous information about Plaintiff's criminal history received
from Kroll d/b/a/ InfoLink after receiving copies of official
court records demonstrating that the report of Plaintiff's
alleged criminal convictions in the InfoLink Report was false.

### AS AND FOR A FIFTH CAUSE OF ACTION
Manatt Negligently Relied On False Information

45.  Plaintiff repeats and realleges each and every
paragraph set forth above as if fully set forth herein.

46.  Manatt was negligent when it continued to rely on the
erroneous information about Plaintiff's criminal history after
receiving copies of official court records demonstrating that the
report of Plaintiff's alleged criminal convictions in the
InfoLink Report was false.

47.  Manatt was negligent when Manatt rescinded its offer of
permanent employment to Plaintiff and terminated her temporary

13

employment in reliance on information about Plaintiff's criminal
history reported by Kroll d/b/a InfoLink that Manatt knew, or
should have known, was false. Manatt was negligent when Manatt
continued to rely on the erroneous information about Plaintiff's
criminal history received from Kroll d/b/a/ InfoLink after
receiving copies of official court records demonstrating that the
report of Plaintiff's alleged criminal convictions in the
InfoLink Report was false.

### AS AND FOR A SIXTH CAUSE OF ACTION
Kroll d/b/a/ InfoLink Violated the
Federal Fair Credit Reporting Act
(FCRA)

48.  Plaintiff repeats and realleges each and every
paragraph set forth above as if fully set forth herein.

49.  By reporting an arrest that occurred on April 5, 2000,
more than seven years before issuing the April 6, 2007 InfoLink
Report, Kroll d/b/a InfoLink wilfully or negligently violated the
provisions of the FCRA including, but not limited to, 15 U.S.C.
§1681c(a)(2) and (5).

50.  By failing to check and verify the accuracy of the
erroneous information pertaining to Plaintiff's criminal history
in the InfoLink Report; by failing to follow reasonable
procedures for investigating, verifying and reinvestigating
Plaintiff's criminal history; and by failing to maintain
reasonable procedures to insure that the information reported was
accurate and up to date, Kroll d/b/a InfoLink wilfully or
negligently violated the provisions of the FCRA including, but

14

not limited to, 15 U.S.C. §§ 1681d(d)(3); 1681e(b); 1681k(a) and
1681l.

51.  By failing to contemporaneously notify Plaintiff that
Kroll d/b/a InfoLink transmitted to Manatt information derived
from public sources that was likely to have an adverse effect on
Plaintiff's application for permanent employment and her
continued temporary employment by Manatt, and by failing to
maintain strict procedures to insure that all information
pertaining to Plaintiff's criminal history maintained or reported
by Kroll d/b/a/ InfoLink was accurate and up to date, Kroll
d/b/a/ InfoLink wilfully or negligently violated the provisions
of the FCRA including, but not limited, to 15 U.S.C. §§
1681k(a)(1) and (2).

52.  By failing to promptly delete the false information
pertaining to Plaintiff's criminal history in the InfoLink Report
after being notified of Plaintiff's dispute of the false report;
and by failing to promptly notify Manatt and any other recipients
of information pertaining to Plaintiff's criminal history that
the disputed information was false; Kroll d/b/a InfoLink wilfully
or negligently violated the provisions of the FCRA including, but
not limited to, 15 U.S.C. §§ 1681i(a)(1)(A), 1681i(a)(5)(A), and
1681i(d). With respect to this violation Kroll failed to resolve
Plaintiff's dispute within 30 days after being notified that
Plaintiff disputed the InfoLink Report thereby violating the
provisions of the FCRA including, but not limited to, 15 U.S.C. §

15

1681i(a)(1)(A) which requires that reinvestigations be concluded within 30 days of notification of the dispute.

53.  However, it would have been unreasonable for Kroll to have waited the full 30 day period before notifying Manatt of InfoLink's error because the correct information concerning the disposition of case #2000NY035109 was immediately verifiable from public records which Kroll could have accessed immediately and which Kroll conceded it possessed no later than May 1, 2007, but which Manatt's Senior Associate General Counsel claimed still had not been disclosed to Manatt by Kroll d/b/a InfoLink as late as May 17, 2007. Kroll's failure to promptly reinvestigate and timely disclose its error to Manatt was unreasonable and wilfully or negligently subjected Plaintiff to loss of her job and her offer of permanent employment at Manatt and subverted the purpose of the FCRA which requires reinvestigators to establish and follow reasonable procedures to correct erroneous information as promptly as possible.

54.  By failing to provide written notification to Plaintiff of the results of Kroll d/b/a InfoLink's reinvestigation of Plaintiff's dispute of the InfoLink Report, and by failing to make the disclosures demanded by Plaintiff through her counsel in the letters of April 19-20 2007 to Ms. Lutz, Kroll d/b/a InfoLink violated the provisions of the FCRA including, but not limited to, 15 U.S.C. §§ 1681i(a)(6).

16

**AS AND FOR A SEVENTH CAUSE OF ACTION**
Kroll d/b/a/ InfoLink Violated the
New York Fair Credit Reporting Act
(NYFCRA)

55.   Plaintiff repeats and realleges each and every
paragraph set forth above as if fully set forth herein.

56.   By reporting, maintaining and publishing false
defamatory information pertaining to Plaintiff's criminal record
that Kroll d/b/a InfoLink knew or should have known was false,
Kroll wilfully or negligently violated the provisions of the
NYFCRA including, but not limited to, BCL §§ 380-j(a)(1) and (3).

57.   By failing to promptly verify, reinvestigate, reverify
and correct erroneous information pertaining to Plaintiff's
criminal history reported in the InfoLink Report and disseminated
to Manatt, Kroll wilfully or negligently violated the provisions
of the NYFCRA including, but not limited to, BCL §§ 380-h; 380-
f(a) and 380-f(b)(1), (2) and (3).

58.   By failing to disclose in writing all information in
Kroll and/or InfoLink's files pertaining to Plaintiff upon
request by Plaintiff's attorney; by failing to notify or identify
the recipients of the inaccurate information reported by Kroll
d/b/a InfoLink pertaining to Plaintiff's criminal history, and by
failing to identify the sources of the inaccurate information in
the InfoLink Report, Kroll wilfully or negligently violated the
provisions of the NYFCRA including, but not limited to, BCL §
380-d(a)(1), (2) and (3) and 380-e(b)(3).

59.   By publishing inaccurate information obtained from
public records to Manatt in the InfoLink Report without

17

contemporaneously notifying Plaintiff that derogatory information purportedly derived from public records pertaining to Plaintiff was being published, and by failing to maintain reasonable procedures to insure that the information reported pertaining to Plaintiff's criminal record was accurate and up to date, and by failing to promptly verify the status of the public records of Plaintiff's criminal record and to promptly correct the erroneous information Kroll d/b/a InfoLink reported to Manatt in the InfoLink Report, Kroll wilfully or negligently violated the provisions of the NYFCRA including, but not limited to, BCL §§ 380-g(a), (b) and (c).

## AS AND FOR A EIGHTH CAUSE OF ACTION
Defamation by Kroll d/b/a/ InfoLink

60.    Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth herein.

61.    By wilfully or negligently publishing false derogatory information about Plaintiff's criminal record in the InfoLink Report to Manatt and publishing or making such information available to other parties, Kroll d/b/a InfoLink injured Plaintiff by causing her loss of employment; past and future economic loss; damage to her personal and professional reputation and causing Plaintiff to lose past and future professional opportunities.

62.    Kroll's defamation of Plaintiff was exacerbated by Kroll's wilful or negligent failure to promptly correct the inaccurate information and to promptly notify Manatt that

18

InfoLink's Report that Plaintiff had been convicted of
misdemeanors was false. Kroll wilfully or negligently delayed
accessing the public records that showed the report of
Plaintiff's conviction in the InfoLink Report was false and once
Kroll knew that the disputed information was false by May 1,
2007, Kroll continued to wilfully or negligently refrain from
notifying Manatt that the report of Plaintiff's criminal
convictions in the InfoLink Report was false.

### DAMAGES

63.    By reason of the foregoing acts alleged herein by
Manatt and Kroll, Plaintiff suffered past and future economic
losses, loss of employment, loss of pension and health care
benefits, loss of past and future professional opportunities,
damage to her reputation and emotional and mental pain and
suffering.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court
enter judgment on each of Plaintiff's claims set forth above:

a.    Declaring that the practices complained of herein by
Manatt are violations of the Federal Fair Credit Reporting Act,
the New York State Corrections Law and the New York State Human
Rights Law;

b.    Declaring that the practices complained of herein by
Kroll are violations of the Federal Fair Credit Reporting Act,

19

the New York State Fair Credit Reporting Act and the common law
of Defamation;

     c.    Enjoining and permanently restraining Manatt from
further violations of the FCRA, the New York State Corrections
Law and the New York State Human Rights Law;

     d.    Enjoining and permanently restraining Kroll from
further violations of the FCRA or the NYFCRA;

     e.    Ordering Kroll to make all the disclosures Kroll should
have made to Plaintiff pursuant to the FCRA and the NYFCRA
including, but not limited to, the source of the erroneous
information in the InfoLink Report;

     f.    Ordering Defendants to take such affirmative action as
necessary to ensure that the effects of unlawful employment and
background screening processes complained of herein are
eliminated and do not continue to effect Plaintiff's employment
opportunities or the opportunities of similarly situated persons;

     g.    Directing Defendants to make Plaintiff whole for all
earnings she would have received but for Defendants' defamatory
and other wrongful acts, including, but not limited to, future
and past lost wages, lost salary increases, pension benefits,
insurance and lost professional opportunities;

     h.    Granting judgment against Defendants for emotional and
mental distress in the amount of three hundred thousand dollars
($300,000.00) for Plaintiff;

     i.    Awarding punitive damages in the amount of six hundred
thousand dollars ($600,000.00) for Plaintiff;

j.   Awarding Plaintiff the costs and disbursements of this action;

k.   Awarding Plaintiff reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and/or 1681o of the FCRA and BCL §§ 380-1 and/or 380-m of the NYFCRA and;

l.   Granting such other and further relief as the court deems necessary and proper in the interest of justice.

## DEMAND FOR A TRIAL BY JURY

64.   Pursuant to Fed. R. Civ. P.  38 Plaintiffs demand trial by jury of all issues in this lawsuit.

Dated:  New York, New York
        April 4, 2008

RONALD B. McGUIRE (RM 7925)
ATTORNEY FOR PLAINTIFFS
PMB 199-511 Avenue of the Americas
New York, N.Y.10011
201-795-0342

21

**VERIFICATION**

STATE OF NEW YORK     )
                                         ss.:
COUNTY OF NEW YORK  )

        STACEY KIRKLAND a/k/a ZOSERA STACEY KIRKLAND, being duly sworn, deposes and says:

        I am the Plaintiff in this lawsuit. I have read the foregoing Verified Complaint and verify that the fact set forth therein are true except for those facts alleged upon information and belief, and as to those facts, I believe them to be true based upon my review of documents on file in my attorney's office.

                                    _____
                                      STACEY KIRKLAND

On the 4th day of April, 2008,
Zosera Stacey Kirkland came before
me and, being duly sworn,
signed this Verification.

_____
NOTARY PUBLIC

        RONALD B. McGUIRE
    Notary Public, State of New York
          No. 4973314
     Qualified in New York County
   Commission Expires Oct 15, 19
            2010