DEVJANI MISHRA (DM-5322)
ROSEMARY JOYCE (RJ-7383)
PAMELA QUIGLEY DEVATA (*Pro Hac Vice Admission Pending*)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York  10018
(212) 218-5500

Attorneys for Defendant Kroll Background America, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STACEY KIRKLAND a/k/a ZOSERA STACEY KIRKLAND,

    Plaintiffs,

v.

MANATT, PHELPS & PHILLIPS, LLP and KROLL, INC. d/b/a INFOLINK SCREENING SERVICES, INC.,

    Defendants.

CIVIL ACTION NO.: 08-CV-3371 (DAB)

**<u>DEFENDANT KROLL BACKGROUND AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION</u>**

---

Pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq*., Defendant, KROLL BACKGROUND AMERICA d/b/a INFOLINK SCREENING SERVICES, INC. ("Kroll"), hereby submits this Memorandum of Law in Support of its Motion to Stay Proceedings and Compel Arbitration on all claims in Plaintiff's Complaint, and hereby joins in Defendant Manatt Phelps & Phillips, LLP's Motion to Dismiss or Compel Arbitration.

**<u>PRELIMINARY STATEMENT</u>**

Plaintiff has alleged that both Manatt Phelps & Phillips ("Manatt"), a law firm, and Kroll, a background screening company, violated the Fair Credit Reporting Act ("FCRA") and New York Fair Credit Reporting Act ("NYFCRA"), when Manatt rescinded Plaintiff's job offer after

receiving a background report about Plaintiff from Kroll. Plaintiff's claims against both Defendants, Manatt and Kroll, stem from her employment relationship with Manatt and the pre-employment background check that was conducted as part of the hiring process. As part of her application and offer letter, Plaintiff agreed to arbitrate any claims "arising under or involving any aspect or term of [her] employment with MP & P or the termination of that employment." Defendant Manatt has moved to dismiss Plaintiff's claims or to compel Plaintiff to arbitrate her claims against it. Because the claims against Manatt and Kroll involve the same factual allegations, Kroll hereby joins in Manatt's Motion to Dismiss or Compel Arbitration, and respectfully moves this Court to also compel Plaintiff to arbitrate her claims against Kroll.

**I.     This Court Should Stay the Current Proceedings and Compel Plaintiff to Arbitrate Its Claims Against Kroll For the Reasons Stated in Manatt's Motion to Dismiss or Compel Arbitration.**

Because Plaintiff's claims against Kroll and Manatt all stem from Plaintiff's application and employment relationship with Manatt, they are factually intertwined. Therefore, for the reasons stated in Manatt's Motion to Dismiss or Compel Arbitration, Kroll hereby moves to compel Plaintiff to arbitrate her claims against Kroll.

According to the Complaint allegations, Plaintiff's offer of employment was contingent upon a background check. (Comp.¶¶13, 15). Kroll is the company who provided this background report to Manatt. (Compl. ¶ 16).

Plaintiff's signed application for employment included the clause "in the event of any issue or dispute arising under or involving any aspect or term of my employment with MP & P or the termination of that employment (except for claims for workers compensation, unemployment insurance, any matter within the jurisdiction of the California Labor Commission), both MP & P and I agree that the issue shall be submitted to final and binding arbitration." See Manatt's Motion to Compel, p. 3, Sanjuan Ex. 1.

Additionally, Plaintiff received an offer letter from Manatt stating:

> In the event a dispute should arise between us under or in connection with any aspect of this Agreement, including, but not limited to, the performance of or failure to perform any duty or obligation under this Agreement by any firm partner, employee, or agent, . . .

See Manatt's Motion to Compel, p. 4, Sanjuan Ex. 2.

Clearly, Plaintiff's allegations that Kroll violated the FCRA and NYFCRA by providing a background check to Manatt in conjunction with her application and employment with Manatt "arise under" or "involve[e]" an "aspect or term of [her] employment with MP & P." Similarly, Plaintiff alleges that her employment offer was rescinded based on the background report. (Compl. ¶ 16). Such a claim involves Plaintiff's "termination of employment". As such, Plaintiff's claims against Kroll are subject to the arbitration agreement between Manatt and Plaintiff and this Court should compel Plaintiff to arbitrate these claims. Smith/Enron Cogeneration Limited Partnership, Inc. v. Smith Cogeneration International, Inc., 198 F.3d 88, 98 (2d Cir. 1999) (holding that claims against nonsignatories to arbitration agreement are subject to arbitration when such claims are "factually intertwined" with the arbitrable dispute); Scher v. Bear Sterns & Co., 723 F. Supp. 211, 216 (S.D.N.Y. 1989) (compelling arbitration with signatory's disclosed agent where the agent's challenged acts fell within the scope of the agreement that contained the arbitration clause). Moreover, because Plaintiff's claims against Kroll are factually intertwined with Plaintiff's claims against Manatt, Kroll hereby joins in Manatt's Motion to Dismiss or Compel Arbitration.

**II.    Co-Defendant Kroll Need Not Be a Party to the
        Arbitration Agreement to Compel Arbitration.**

Plaintiff may argue that because Kroll is not a party to the Arbitration Agreement, this Court cannot enforce the Agreement in this case against Kroll. Such an argument, however, is legally untenable. It is well-settled in the Second Circuit, as well as other jurisdictions, that a

3

non-signatory to an arbitration agreement may nonetheless compel arbitration pursuant to a valid agreement to which it is not a party. Choctaw Generation Ltd. Partnership v. American Home Assurance Co., 271 F.3d 403, 406 (2d Cir. 2001); see also Camaniello Imports Inc. v. Saporiti Italia, 117 F.3d 655, 668-69 (2d Cir. 1997) (claims against an individual employee (non-signatory) arising out of the relationship between plaintiff (signatory) and employer (signatory) were also subject to mandatory arbitration); Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1360 (2d Cir. 1993) ("Courts in this and other circuits consistently have held that employees or disclosed agents of an entity that is a party to an arbitration agreement are protected by that agreement."); Zaks v. TES Franchising, LLC, No. 01-2266, 2004 U.S. Dist LEXIS 12764 at *22-3 (D.Conn. Jul. 9, 2004) ("claims against non-signatories to an arbitration agreement may also be subject to mandatory arbitration, where the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed").

It is undisputed that all of Plaintiff's claims against both Defendants arise directly out of her employment relationship with Manatt. Indeed, the interaction between Manatt and Kroll itself arose out of Plaintiff's employment relationship with Manatt. Plaintiff's claims, and Defendants' alleged conduct, therefore, are so intimately connected to her employment that they fall within the scope of her rather broad arbitration agreement (as set forth in the application and the offer letter). Plaintiff cannot avoid arbitration merely by naming a Defendant that is not a party to the Arbitration Agreement. As set forth above, courts in this jurisdiction have been loathe to permit a plaintiff to circumvent a valid arbitration agreement simply by naming an additional defendant who is not a party to the agreement.

**CONCLUSION**

For the reasons set forth above and in Manatt's Motion to Dismiss or Compel Arbitration, Kroll hereby respectfully moves this Court to stay these proceedings, compel Plaintiff to arbitrate her claims against Kroll, grant Kroll its costs incurred in making this motion and grant such other and further relief as the Court may deem just and proper

Dated: New York, New York
       June 23, 2008

                        SEYFARTH SHAW LLP

                        By  s/ Rosemary Joyce
                            Devjani Mishra (DM-5322)
                            Rosemary P. Joyce (RJ-7383)
                            Pamela Quigley Devata (*Pro Hac Vice Admission Pending*)
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

Attorneys for Defendant Kroll Background America, Inc.