DEVJANI MISHRA (DM-5322)
ROSEMARY JOYCE (RJ-7383)
PAMELA QUIGLEY DEVATA (*Pro Hac Vice Admission Pending*)
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York  10018
(212) 218-5500

Attorneys for Defendant Kroll Background America, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACEY KIRKLAND a/k/a ZOSERA STACEY KIRKLAND, | CIVIL ACTION NO.: 08-CV-3371 (DAB) |
| Plaintiffs, | |
| v. | **DECLARATION OF PAMELA QUIGLEY DEVATA IN SUPPORT OF DEFENDANT KROLL BACKGROUND AMERICA INC.'S MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION** |
| MANATT, PHELPS & PHILLIPS, LLP and KROLL, INC. d/b/a INFOLINK SCREENING SERVICES, INC., | |
| Defendants. | |

PAMELA QUIGLEY DEVATA, being duly sworn, deposes and says:

1.  I am an associate with the firm of Seyfarth Shaw LLP, attorneys for Defendant Kroll Background America, Inc., d/b/a Infolink Screening Services, Inc. ("Kroll") in the above referenced action.  I make this declaration in support of Kroll's Motion, pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq*., to Stay Proceedings and Compel Arbitration on all claims in Plaintiff's Complaint, and for costs.  I know the facts testified to in this Declaration to be true based upon my own personal knowledge and a review of the relevant documents and prior proceedings in this action.

NY1 26518740.1

2. On April 4, 2008, Plaintiff, Stacey Kirkland, filed a lawsuit against Manatt, Phelps, and Phillips ("Manatt") and Kroll alleging, among other claims, violations of the Fair Credit Reporting Act ("FCRA"), when her offer of employment was rescinded following a pre-employment background check. (Complaint).

3. Plaintiff applied to work and was offered a job at Manatt around March 2007. (Compl. ¶12)

4. Plaintiff's signed application for employment included the clause "in the event of any issue or dispute arising under or involving any aspect or term of my employment with MP & P or the termination of that employment (except for claims for workers compensation, unemployment insurance, any matter within the jurisdiction of the California Labor Commission), both MP & P and I agree that the issue shall be submitted to final and binding arbitration." See Manatt's Motion to Dismiss or Compel Arbitration, p.3, Sanjuan Decl. Ex. 1.

5. Additionally, Plaintiff received an offer letter from Manatt stating:

> In the event a dispute should arise between us under or in connection with any aspect of this Agreement, including, but not limited to, the performance of or failure to perform any duty or obligation under this Agreement by any firm partner, employee, or agent, . . .

See Manatt's Motion to Dismiss or Compel Arbitration, p.4, Sanjuan Decl., Ex. 2.

6. In connection with Plaintiff's application for employment, Manatt contracted with Kroll to conduct a background report on Plaintiff. Kroll completed this report and communicated the result to Manatt. (Compl. ¶16).

7. After receiving the background report from Kroll, Manatt rescinded Plaintiff's offer of employment. (Compl. ¶ 2, 23).

8. Plaintiff thereafter filed this lawsuit.

NY1 26518740.1

9. On June 23, 2008, Defendant Manatt filed a motion to compel arbitration and memorandum of law in support of the same.

10. Because these arguments also apply to Plaintiff's claims against Kroll, Kroll adopts the grounds of Manatt's motion to compel arbitration and joins in its arguments as discussed more fully in Manatt's Memorandum of Law in Support of Its Motion to Compel Arbitration.

11. Additionally, Plaintiff's FCRA claims against Kroll are factually intertwined with Plaintiff's claims against Manatt. Accordingly, Kroll seeks to have these claims decided in the same forum as Plaintiff's claims against Manatt as a means of judicial efficiency.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed on June 23, 2008

_____
Pamela Quigley Devata
(*Pro Hac Vice Admission Pending*)