```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK            Docket No.
---------------------------------------x  08-CV-3371 (DAB)(JCF)
STACEY KIRKLAND a/k/a                   :
ZOSERA STACEY KIRKLAND,                 :  DECLARATION OF
                    Plaintiff,          :  ZOSERA STACEY KIRKLAND
                                        :  OPPOSING MOTIONS TO
        -against-                       :  COMPEL ARBITRATION AND
                                        :  TO DISMISS OR STAY
MANATT, PHELPS and PHILLIPS, LLP; and   :
KROLL BACKGROUND AMERICA, INC., d/b/a   :
INFOLINK SCREENING SERVICES, INC.,      :
                    Defendants.         :
                                        :
---------------------------------------x
```

      Plaintiff Zosera Stacey Kirkland declares as follows pursuant to 28 U.S.C. § 1746:

      1.    My name is Zosera Stacey Kirkland and I am the Plaintiff in this lawsuit.

      2.    I have never been an employee of Defendant Manatt, Phelps and Phillips, LLP ("Manatt" or "MP&P").

      3.    From March 19, 2007 until April 13, 2007 I was employed as a litigation paralegal by American Legal Search, LLC which has an office at 100 Park Avenue South, New York, New York 10017 ("ALS").

      4.    While I was employed by ALS I was assigned to work as a paralegal on a temporary assignment at the litigation department of Manatt's office in New York City. I was never employed by Manatt. A copy of my 2007 W-2 form issued by ALS is appended hereto as Exhibit "1".

      5.    I received my bachelor's degree in economics from the University of Pennsylvania in 1993. In 2000 I received a master's degree in Political Science and Historical Studies from the New

School for Social Research in New York City. Since my graduation from the New School I have supported myself by working as a paralegal on temporary assignments from a number of legal search firms.

6.    On April 5, 2000 I was arrested with fifteen other protestors for blocking traffic in a non-violent protest near City Hall in Manhattan. We were all charged with Disorderly Conduct, New York Penal Law ("P.L.") § 240.20. Under the New York Penal Law Disorderly Conduct is designated a violation, not a crime. P.L. §§ 10(3) to 10(6). A crime is defined as a felony or a misdemeanor. P.L. § 10(6).

7.    On April 5, 2000 I was one of four demonstrators who went limp and were carried into the police vehicle when we were arrested. Those of us who were carried into the police vehicle were charged with the misdemeanors of Resisting Arrest (P.L. § 205.30) and Obstructing Government Administration (P.L. § 195.05) in addition to disorderly conduct.

8.    On May 1, 2000 I appeared with three other demonstrators before Judge Ellen Coin in part AP-3 of New York County Criminal Court. At that time I pled guilty to Disorderly Conduct and the misdemeanor charges were dismissed. At my sentencing Judge Coin said:

THE COURT:    Your attorney tells me that each of you wishes to plead guilty to disorderly conduct, Penal Law section 240.20, which is a violation and not a crime, and which will not give you a criminal record.

                                    *  *  *  *

2

THE COURT:    Ms. Kirkland, is that what you want to do?

THE DEFENDANT: Yes.

Transcript of proceedings in cases 2000NY035102, 035104, 035108 and 035109 in Part Ap-3, New York County Criminal Court, May 1, 2000, at 2, lines 16-19 and 3, lines 5-7. Appended hereto as Exhibit "2".

9.    A copy of a certified disposition of my case (N.Y. County Crim. Ct. Docket # 2000NY035109) is appended hereto as Exhibit "3" and shows that I was convicted of Disorderly Conduct (P.L. § 240.20), not the misdemeanors. The disposition is also stamped "SEALED AFTER CONVICTION pursuant to Section 160.55 of the [illegible]."[1]

10.    From March 5, 2007 until March 16, 2007 I was employed by a legal placement agency, Special Counsel. Inc.. While employed by Special Counsel I worked as a temporary litigation paralegal on a "temp to perm" assignment to Loeb & Loeb, LLP, a New York City law firm. The "temp to perm" assignment meant that after working for Special Counsel as a temporary employee at Loeb & Loeb I would eventually be considered for a permanent job as an employee of Loeb & Loeb.

11. On or about March 9, 2007 I gave one week notice to my employer, Special Counsel, and Special Counsel's client, Loeb &

---

[1]    My lawyer informed me that Section 160.55(1)(c) of the New York Criminal Procedure Law ("CPL") requires sealing of some records pertaining to prosecutions where defendants are convicted of violations in New York State.

Loeb, that I had accepted an offer of permanent employment as a
litigation paralegal by Kasowitz, Benson, Torres & Friedman, LLP,
("Kasowitz) a national law firm specializing in complex civil
litigation with an office in New York City.

12.  Shortly after I accepted the offer from Kasowitz I was
contacted by Rhonda Singer, the managing director of ALS, one of
the legal search firms and placement agencies that I was working
with to secure permanent or temporary positions as a paralegal.
Ms. Singer told me that there was an opening for  a permanent
litigation paralegal at the New York City office of Manatt. I was
interviewed at Manatt on March 13 and March 15, 2007.

13.  On the morning of Friday, March 16, 2007, an employee
of ALS called to tell me that Manatt decided to offer me the
permanent job I interviewed for. Later that morning I was called
by Patricia Sanjuan of Manatt's Human Resources Department who
told me that Manatt would offer me a permanent position as a
litigation paralegal, subject to a background check. Ms. Sanjuan
told me that I would not become a Manatt employee until my
background check was completed. She also  told me that the
background check could take several weeks but that I could work
at Manatt as an employee of ALS while the background check was
pending. Ms. Sanjuan asked me to contact ALS to make arrangements
to be hired for the temporary job.

14.  After speaking with Ms. Sanjuan I received an e-mail
from Tanya Thomas of ALS reiterating that Manatt wanted me to

start work immediately as a temporary paralegal employed by ALS and that Manatt also wanted to make me an offer of permanent employment. Exhibit "4", below. In her e-mail Ms. Thomas forwarded a set of documents I needed to fill out in order to become an ALS employee. The documents included a blank ALS time sheet; a sample ALS time sheet, a time-off request form; a copy of ALS's policy for paid days off for temporary/contract employees to be signed and returned to ALS; ALS's Holiday Policy, to be signed and returned to ALS; a copy of ALS's nondiscrimination/sexual harassment policy; a brochure and enrollment kit describing ALS's Medical-Dental Plans; Term Life and Cancer Policy, a direct deposit form to authorize my paycheck form ALS to be deposited in my bank; federal, New York State and New York City tax withholding forms; and a federal employment eligibility verification form (I-9) that ALS was required to retain for all its employees. On March 27, 2007 Tanya Thomas sent me another e-mail welcoming me to American Search Companies, the parent company of ALS, confirming that my paychecks from ALS would be directly deposited with my bank and giving me instructions for online access to my payroll records as an ALS employee. Exhibit "5", below.

    15.  On March 16, 2007 I decided to accept the offer from Manatt because the base annual salary of $50,000 was higher than the $45,000 salary I was offered by Kasowitz. Also, I decided to accept Manatt's offer because Patricia Sanjuan told me that I

could expect to earn substantial overtime at Manatt and that
Manatt's salary was based on a 35 hour work week whereas most
other law firms have a 40 hour work week before employees are
eligible for overtime.  Manatt also had employer paid medical
coverage and I would be eligible for raises, promotions, bonuses
and other benefits.

16.  Consequently, in reliance on Manatt's offer of
permanent employment, on March 16th I notified Esquire Solutions,
the legal recruiting firm that referred me to Kasowitz, that I
decided to decline the offer of permanent employment from
Kasowitz.

17.  I began work for ALS at Manatt's New York City office
on March 19, 2007. After I finished work on March 19th I met with
Patricia Sanjuan of Manatt's Human Resources Department and
filled out the application appended hereto as Exhibit "6". The
only question pertaining to my criminal history was on the first
page of the application. The question was "HAVE YOU EVER BEEN
CONVICTED OF A CRIMINAL OFFENSE (FELONY OR MISDEMEANOR)"
[original capitalization and parentheses]. I truthfully checked
"No" for my answer.

18.  On April 6, 2007 I received a phone call from Holly
Brown, Manatt's Human Resources Coordinator. Ms. Brown told me
that Manatt received a report from InfoLink[2] stating that I had

---

[2]     Defendant Kroll Background America, Inc. ("Kroll") does
business as InfoLink Background Services, Inc. ("InfoLink"). All
references to "InfoLink" herein refer the Defendant Kroll.

been convicted of two misdemeanors in New York County on May 1,
2000 which I didn't report on my employment application.

19.   I told Ms. Brown that I had never been convicted of any
misdemeanors and that I wanted to correct the erroneous
information in the background report. Ms. Brown told me that she
would check with Manatt's general counsel and get back to me.

20.   On April 11, 2000 I sent an e-mail to Holly Brown
reiterating that I answered truthfully when I stated on my
employment application that I had never been convicted of a
crime. April 11, 2007 e-mail from Stacey Kirkland to Holly Brown
appended hereto as Exhibit "7." In my e-mail to Ms. Brown I
explained that I had been arrested at a demonstration and that
the misdemeanor charges had been dismissed when I pled guilty to
P.L. 240.20 (disorderly conduct), which is not a crime in New
York State. See Exh. 7, below.

21.   Sometime before April 6, 2007 I received two copies of
a letter dated March 26, 2007 from William T. Quicksilver, the
managing partner of Manatt (the "Offer Letter") formally offering
me a position as a litigation paralegal at Manatt's New York
office "contingent upon our receiving a satisfactory response to
a complete background investigation which includes, but is not
limited to, criminal history search, social security trace, motor
vehicle report, and such other checks which the position applied
for requires." The Offer Letter is appended hereto as Exhibit
"8". The Offer Letter requested that I sign and return one copy

of the letter to Manatt. I was surprised when I learned that the
Offer Letter specified that any arbitration would take place in
Los Angeles, California. When I signed the arbitration clause on
Manatt's employment application I believed that any arbitration
would occur in New York since I would be working at Manatt's New
York City office. I did not sign the Offer Letter because,
although I decided that I wanted to accept Manatt's offer, I
wanted to review all the terms carefully and negotiate further
with Manatt about the questions I had about the Offer Letter. The
Offer Letter did not say that its terms were non-negotiable and
no one at Manatt ever gave me a deadline for signing the Offer
Letter or told me I needed to sign the Offer Letter while I was
still employed by ALS.

22.  On April 6, 2007 I had not yet signed the Offer Letter
when Holly Brown informed me that InfoLink reported that I had
criminal convictions that I did not report on my employment
application. I did not believe that it was necessary for me to
sign the Offer Letter while I was employed by ALS because the
results of my background check were still pending and I would not
become a Manatt employee until my background check cleared. No
one at Manatt objected to my failure to sign the Offer Letter
while Manatt was considering withdrawing its offer.

23.  On Friday, April 13, 2007 Patricia Dooley, the Human
Resources Director for Manatt's New York office, told me that
Manatt's offer of permanent employment was withdrawn pending

8

further investigation and my temporary assignment with ALS at
Manatt would be terminated effective immediately. Ms. Dooley said
she did not know why Manatt's offer was being withdrawn but she
believed it had something to do with some discrepancy on my
employment application.

24.   I immediately told Ms. Dooley about my April 6th
discussion with Holly Brown and I assured Ms. Dooley that I had
never been convicted of any crimes, that the information Manatt
was relying on was false, and that I wanted to set the record
straight.

25.   At no time did anyone from Manatt give me a copy of the
background search report from InfoLink, a written statement of my
rights to initiate a reinvestigation, or any information about
how to contact InfoLink to demand a reinvestigation of my
criminal history and to correct InfoLink's background report.

26.   On Monday, April 16, 2007 I obtained a certified
disposition of my case from the clerk of the New York County
Criminal Court. Exh.3, below.

27.   Conclusions of law stated herein are based upon
information and belief based upon my review of documents on file
at my attorney's office.

I make the foregoing declaration pursuant to 28 U.S.C. § 1746 under penalty of perjury under the laws of the United States and New York State.

Dated:   New York, New York
         August 4 , 2008

ZOSERA STACEY KIRKLAND

# EXHIBIT

# 1

| Copy B To Be Filed With Employee's **FEDERAL Tax Return.** | **2007** OMB No. 1545-0008 |
|---|---|

| a Employee's SSN | 1 Wages, tips, other comp. 4677.00 | 2 Federal income tax withheld 459.77 |
|---|---|---|
| | 3 Soc security wages 4677.00 | 4 Social security tax withheld 289.98 |
| b Employer ID no. (EIN) 62-1870583 | 5 Med care wages and tips 4677.00 | 6 Med care tax withheld 67.82 |

c Employer's name, address, and ZIP code
AMERICAN LEGAL SEARCH, LLC
2901 2ND AVE S
BIRMINGHAM                    AL    35233-2900

d Control number

e Employee's name, address, and ZIP code                    Suff.
ZOSERA S KIRKLAND
156 EAST 171ST STREET  # 2J
BRONX                          NY   10452

| 7 Soc security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee Retirement Plan Third-party sick pay | 14 Other NY-SDI 1.20 | 12b Code |
| | | 12c Code |
| | | 12d Code |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|---|
| NY | 621870583 | 4677.00 | 242.55 |

| 18 Local wages, tips, etc. 4677.00 | 19 Local income tax 143.02 | 20 Locality name NY - Ci |
|---|---|---|

Form W-2 Wage and Tax Statement                    Dept. of the Treasury - IRS
This information is being furnished to the Internal Revenue Service.

---

| Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return. | **2007** OMB No. 1545-0008 |
|---|---|

| a Employee's SSN | 1 Wages, tips, other comp. 4677.00 | 2 Federal income tax withheld 459.77 |
|---|---|---|
| | 3 Soc security wages 4677.00 | 4 Social security tax withheld 289.98 |
| b Employer ID no. (EIN) 62-1870583 | 5 Med care wages and tips 4677.00 | 6 Med care tax withheld 67.82 |

c Employer's name, address, and ZIP code
AMERICAN LEGAL SEARCH, LLC
2901 2ND AVE S
BIRMINGHAM                    AL    35233-2900

d Control number

e Employee's name, address, and ZIP code                    Suff.
ZOSERA S KIRKLAND
156 EAST 171ST STREET  # 2J
BRONX                          NY   10452

| 7 Soc security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee Retirement Plan Third-party sick pay | 14 Other NY-SDI 1.20 | 12b Code |
| | | 12c Code |
| | | 12d Code |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|---|
| NY | 621870583 | 4677.00 | 242.55 |

| 18 Local wages, tips, etc. 4677.00 | 19 Local income tax 143.02 | 20 Locality name NY - Ci |
|---|---|---|

Form W-2 Wage and Tax Statement                    Dept. of the Treasury - IRS

---

This information is being furnished to the Internal Revenue Service. If you are required to file a tax return, a negligence penalty or other sanction may be imposed on you if this income is taxable and you fail to report it.

QBMB22C  11/12/07

| Copy C For **EMPLOYEE'S RECORDS.** (See Notice to Employees). | **2007** OMB No. 1545-0008 |
|---|---|

| a Employee's SSN | 1 Wages, tips, other comp. 4677.00 | 2 Federal income tax withheld 459.77 |
|---|---|---|
| | 3 Soc security wages 4677.00 | 4 Soc security tax withheld 289.98 |
| b Employer ID no. (EIN) 62-1870583 | 5 Med care wages and tips 4677.00 | 6 Med care tax withheld 67.82 |

c Employer's name, address, and ZIP code
AMERICAN LEGAL SEARCH, LLC
2901 2ND AVE S
BIRMINGHAM                    AL    35233-2900

d Control number

e Employee's name, address, and ZIP code                    Suff.
ZOSERA S KIRKLAND
156 EAST 171ST STREET  # 2J
BRONX                          NY   10452

| 7 Soc security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee Retirement Plan Third-party sick pay | 14 Other NY-SDI 1.20 | 12b Code |
| | | 12c Code |
| | | 12d Code |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|---|
| NY | 621870583 | 4677.00 | 242.55 |

| 18 Local wages, tips, etc. 4677.00 | 19 Local income tax 143.02 | 20 Locality name NY - Ci |
|---|---|---|

Form W-2 Wage and Tax Statement                    Dept. of the Treasury - IRS

---

| Copy 2 To Be Filed With Employee's State, City, or Local Income Tax Return. | **2007** OMB No. 1545-0008 |
|---|---|

| a Employee's SSN | 1 Wages, tips, other comp. 4677.00 | 2 Federal income tax withheld 459.77 |
|---|---|---|
| | 3 Soc security wages 4677.00 | 4 Soc security tax withheld 289.98 |
| b Employer ID no. (EIN) 62-1870583 | 5 Med care wages and tips 4677.00 | 6 Med care tax withheld 67.82 |

c Employer's name, address, and ZIP code
AMERICAN LEGAL SEARCH, LLC
2901 2ND AVE S
BIRMINGHAM                    AL    35233-2900

d Control number

e Employee's name, address, and ZIP code                    Suff.
ZOSERA S KIRKLAND
156 EAST 171ST STREET  # 2J
BRONX                          NY   10452

| 7 Soc security tips | 8 Allocated tips | 9 Advance EIC payment |
|---|---|---|
| 10 Dependent care benefits | 11 Nonqualified plans | 12a Code See inst. for box 12 |
| 13 Statutory employee Retirement Plan Third-party sick pay | 14 Other NY-SDI 1.20 | 12b Code |
| | | 12c Code |
| | | 12d Code |

| 15 State | Employer's state ID number | 16 State wages, tips, etc. | 17 State income tax |
|---|---|---|---|
| NY | 621870583 | 4677.00 | 242.55 |

| 18 Local wages, tips, etc. 4677.00 | 19 Local income tax 143.02 | 20 Locality name NY - Ci |
|---|---|---|

Form W-2 Wage and Tax Statement                    Dept. of the Treasury - IRS

# EXHIBIT

# 2

1

```
 1   CRIMINAL COURT OF THE CITY OF NEW YORK
     COUNTY OF NEW YORK:   PART   AP3
 2   -------------------------------------------X

 3   THE PEOPLE OF THE STATE OF NEW YORK      :   DOCKET NO.

 4                                            :

 5           -against-                        :   2000NY035102
                                                  2000NY035104
 6   JEANETTE SANDRA, AMANDA RINEAR,              2000NY035108
     PETER CHUNG, AND STACEY KIRKLAND,       :   2000NY035109
 7                          Defendant.
     -------------------------------------------X
 8                           100 Centre Street
                             New York, N.Y. 10013
 9
                             May 1, 2000
10

11   H O N O R A B L E:

12           ELLEN COIN, Judge.

13

14   A P P E A R A N C E S:

15           FOR THE PEOPLE:

16                   ROBERT M. MORGENTHAU, ESQ.
                         DISTRICT ATTORNEY
17                       NEW YORK COUNTY
                     BY:  PAUL HARE, ESQ.
18

19           FOR THE DEFENDANT:

20                   CARL FRANKLIN, ESQ.
                         26 COURT STREET
21                       BROOKLYN, NEW YORK

22
                             MONICA FORD
23                       OFFICIAL COURT REPORTER

24

25
```

PROCEEDINGS                    2

1              COURT OFFICER:  Calling Calendar 72,

2      Jeanette Sandra, Calendar 73, Amanda Rinear, Calendar

3      74, Peter Chung, Calendar 75 Stacy Kirkland.

4              MR. FRANKLIN:  Carl Franklin, 26 Court

5      Street, Brooklyn, New York  11242.

6              Good morning, your Honor.

7              MR. HARE:  Paul Hare for the People.

8              Good morning, your Honor.

9              THE COURT:  Counsel, are you appearing for

10     all the defendants?

11             MR. FRANKLIN:  Yes, Judge.

12             THE COURT:  People?

13             MR. HARE:  240.20 and time served as to all

14     defendants before the Court.

15             MR. FRANKLIN:  Acceptable, your Honor.

16             THE COURT:  Your attorney tells me that each

17     of you wishes to plead guilty to disorderly conduct,

18     Penal Law section 240.20, which is a violation, not a

19     crime, and which will not give you a criminal record.

20             Ms. -- is that Sandra?

21             THE DEFENDANT:  Yes.

22             THE COURT:  Is that what you want to do?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Ms. Rinear, is that what you want

25     to do?

PROCEEDINGS                           3

```
1                    THE DEFENDANT:  Yes.

2                    THE COURT:  Mr. Chung, is that what you want

3           to do?

4                    THE DEFENDANT:  Yes.

5                    THE COURT:  Ms. Kirkland, is that what you

6           want to do?

7                    THE DEFENDANT:  Yes.

8                    THE COURT:  Is there anything any of you

9           wishes to say before I sentence you?

10                   THE DEFENDANT:  Yes, your Honor.

11                   I want to say, for the record, and for the

12          people of New York, that our actions were done to

13          protest the racist policies of Rudolph Guilgiani and

14          the NYPD, who do not view the lives of people of color,

15          poor people, as valuable.

16                   We want to -- we want to protest these

17          policies that criminalize and demonize the victims of

18          police violence and misconduct, and we want to bear

19          witness to the lives that have been taken, to use our

20          individual and collective voice power to fight our

21          enemies for an end to police violence and misconduct.

22                   This is for all the people of our communities

23          that are being oppressed and beaten down every day by

24          the NYPD.  We will not stand for it anymore.

25                   THE COURT:  Do you acknowledge that on the
```

PROCEEDINGS                    4

1          day in question you were disorderly?

2                    THE DEFENDANT:  Yes.

3                    THE COURT:  Each of you are sentenced to time

4          served.  There is a $45 mandatory surcharge.

5                    Can your clients pay today?

6                    MR. FRANKLIN:  Yes.

7                    THE COURT:  Execute sentence.

8                    COURT OFFICER:  Wait for paperwork.  Then, an

9          officer will take you down to pay.

10                   Step out.

11                             * * * * *

12   This is certified to be a true and accurate transcript

13   of the above proceedings recorded by me.

14

15                        _____

16                             MONICA FORD
                         OFFICIAL COURT REPORTER
17

18

19

20

21

22

23

24

25

# EXHIBIT

# 3

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

CERTIFICATE OF DISPOSITION
NUMBER:   53548

THE PEOPLE OF THE STATE OF NEW  YORK
                      VS

KIRKLAND,STACEY S
Defendant

Date of Birth

662 ASHFORD ST
Address

NYSID Number

BROOKLYN            NY
City            State   Zip

04/05/2000
Date of Arrest/Issue

Docket Number: 2000NY035109

Summons No:

205.30 195.05 240.20 240.20
Arraignment Charges

Case Disposition Information:

| Date | Court Action | Judge | Part |
|------|-------------|-------|------|
| 05/01/2000 | PLED GUILTY & SENTENCE IMPOSED<br>PG 240.20<br>IMPRISONMENT=TS | COIN,E | AP3 |

     I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.

PACHECO,I
COURT OFFICIAL SIGNATURE AND SEAL

04/16/2007
DATE      FEE: 10.00

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
           SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)



# EXHIBIT

# 4

## Ronald B. McGuire

**From:**    "Zosera Kirkland" <zskirkland@yahoo.com>
**To:**    "Ronald B. McGuire" <ronmcguire@att.net>
**Sent:**    Tuesday, July 15, 2008 11:35 AM
**Attach:**    I-9_form[2].pdf; W-4[1].pdf; Direct_Deposit_Form.pdf; Form_IT2104.pdf;
    NY_State_Tax_Withholdings.pdf; Time_Sheet.doc; TIME_SHEET_Example_08[1].03.06.pdf;
    ALS_Temp-Contract_Holiday_Policy.pdf; ALS-Temp_Paid_Days_2006-8-21.pdf;
    American_Legal_Search_Benefits_Package[1].pdf;
    ASC_&_APEX_NonDis_Sex_Har_Policy_for_Temps_12[1].22.06.pdf;
    ASC_Temp_Paid_Time_Off_Request_Form_08[1].16.06.pdf
**Subject:**    Fwd: Manatt/Employment Forms

*Tanya Thomas <tthomas@americansearchcompanies.com>* wrote:

From: Tanya Thomas <tthomas@americansearchcompanies.com>
To: zskirkland@yahoo.com
Subject: Manatt/Employment Forms
CC: dcyr@americansearchcompanies.com, rsinger@americansearchcompanies.com
Date: 16 Mar 2007 13:25:28 -0400

Hi Zosera,

I am resending you the forms. They were not attached with the previous email.

Pursuant to Danielle Cyr's voicemail, Manatt would like you to start asap as a temp. They would also like to extend a permanent offer and will contact you directly to discuss.

Please review, complete and send the forms back to me asap via fax (preferably by Monday, March 19, 2007 before noon).

I-9
W-4
Direct Deposit
IT-2104/NY State Withholdings Form
Time Sheet w/example
Paid Days Off/Paid Holidays Memos (Sign/Fax back to me. I will forward to Kevin Fisher).
Health Benefits Package
Sexual Harassment Policy

Thank you.

**Please see news release below.**

Sincerely,

*Tanya L. Thomas*

Tanya L. Thomas
*American Legal Search, LLC*
100 Park Ave, Suite 1600
New York, NY  10017
tel:  212-984-1086
fax: 212-880-6439
e-fax: (336)-868-4821

e-mail: tthomas@americansearchcompanies.com
URL: www.AmericanLegalSearch.com
URL: www.AmericanSearchCompanies.com

**Atlanta | Birmingham | Houston | Los Angeles | Louisville | Miami | Nashville | New York | International**

**NEWS:** *AMERICAN Legal Search* **has been named by Inc. Magazine As One of America's Fastest Growing Private Companies!**

**www.prepaidlegal.com/hub/zskirkland**917-558-5445**
**Top Lawyers at PPL:
http://wserver0.prepaidlegal.com/newCorp2/about_us/advisory_council.html**

# EXHIBIT

# 5

**Ronald B. McGuire**

---

**From:**     "Zosera Kirkland" <zskirkland@yahoo.com>
**To:**       "Ronald B. McGuire" <ronmcguire@att.net>
**Sent:**     Tuesday, July 15, 2008 11:37 AM
**Subject:**  Fwd: Payroll Info (PayCom)


*Tanya Thomas <tthomas@americansearchcompanies.com>* wrote:

From: Tanya Thomas <tthomas@americansearchcompanies.com>
To: zskirkland@yahoo.com
Subject: Payroll Info (PayCom)
CC: rsinger@americansearchcompanies.com
Date: 27 Mar 2007 16:29:14 -0400

Hi Zosera,

Welcome to the **American Search Companies**!  We are so glad you've decided to join our family of companies, which include **American Legal Search**, **APEX Legal Support**, **American InsurStaff** and **American Financial Search**.  I've detailed some instructions that you will need in order to access your pay vouchers.

Your paycheck will be deposited directly into your account each pay period and you can access your pay voucher online to either view or print it.  Below are the instructions to access your payroll information through the "Employee Self-Service" option.

After you login you can view/print your direct deposit voucher, change your contact information, make changes to your withholding filing status or # of exemptions and have additional taxes withheld, as well as look at your payroll deductions and your check listing.

To proceed to "Employee Self-Service":
Go to www.netchexonline.com and select "EMPLOYEE SIGN-IN".
Select "Paycom Users".
Then enter in your user name, social security number and password and select "Log In".
Your User Name is: 001800265
Your Password is: 18d43d60
Passwords are case sensitive (*all letters are lower case, so if you have what looks like a capitol "O" in your password then it is really a zero*).

To print your direct deposit voucher:
Select the year under "check listing" that you want to view.
Click on "earnings statement" under the check date you want to view.
Click on the 'print' icon in your browser.

Thank you and please feel free to contact us if you have any questions

**Please see news release below.**

Sincerely,

*Tanya L. Thomas*

Tanya L. Thomas
**American Legal Search, LLC**
100 Park Ave, Suite 1600

New York, NY  10017
tel:  212-984-1086
fax: 212-880-6439
e-fax: (336)-868-4821
e-mail: tthomas@americansearchcompanies.com
URL:  www.AmericanLegalSearch.com
URL:  www.AmericanSearchCompanies.com

**Atlanta | Birmingham | Houston | Los Angeles | Louisville | Miami | Nashville | New York | International**

**NEWS:** *AMERICAN Legal Search* has been named by Inc. Magazine As One of America's Fastest Growing Private Companies!

**\*\*www.prepaidlegal.com/hub/zskirkland\*\*917-558-5445\*\***
**\*\*Top Lawyers at PPL:**
**http://wserver0.prepaidlegal.com/newCorp2/about_us/advisory_council.html\*\***

# EXHIBIT

# 6

**MANATT, PHELPS & PHILLIPS, LLP**
**(MP&P)**
AN EQUAL OPPORTUNITY EMPLOYER

## APPLICATION FOR EMPLOYMENT

**PERSONAL INFORMATION:**

| NAME: Kirkland , Zosera Stacey Sue-ton | SOCIAL SECURITY NUMBER: |
|---|---|
| (Last)          (First)          (Middle) | ███████████ |

PRESENT ADDRESS:

156 East 171st Street  Bronx, New York 10452   ( ) - 
Apartment 2J
(Street)          (City)      (State)     (Zip Code)   Area Code   (Home Phone)

E-mail:  ZSKirkland@yahoo.com          Alternate Phone: ( )

LIST ALL OTHER NAMES BY WHICH YOU HAVE EVER BEEN KNOWN:
Stacey Sue-ton Kirkland ; Zosera-Anastasia M. Imgena

| IF HIRED, WILL YOU NEED MP&P TO SPONSOR YOU FOR A VISA TO WORK IN THE U.S.? | ☐ Yes | ☑ No |
|---|---|---|
| IF HIRED, CAN YOU PROVIDE PROOF OF AUTHORIZATION TO WORK IN THE UNITED STATES? | ☑ Yes | ☐ No |
| ARE YOU OVER 18 YEARS OF AGE? | ☑ Yes | ☐ No |
| IF UNDER 18 YEARS OF AGE, CAN YOU PROVIDE A WORK PERMIT? | ☐ Yes | ☐ No |
| HAVE YOU PREVIOUSLY APPLIED FOR EMPLOYMENT WITH MP&P? | ☐ Yes | ☑ No |

If yes, when and what position?

HAVE YOU PREVIOUSLY BEEN EMPLOYED BY MP&P?          ☐ Yes   ☑ No

If yes, when and what position?

If yes, was termination   ☐ voluntary   or   ☐ involuntary?

LIST ANY RELATIVES OR FRIENDS EMPLOYED BY THE FIRM:

N/A

HAVE YOU EVER BEEN CONVICTED OF A CRIMINAL OFFENSE (FELONY OR MISDEMEANOR)   ☐ Yes   ☑ No

IF YES, PLEASE EXPLAIN. INCLUDE DATE(S), COURT(S), NATURE OF OFFENSE(S), AND DISPOSITION OF CASE:

NOTE: (Convictions for marijuana-related offenses that are more than two years old need not be listed) (Do not include convictions while a minor and/or convictions sealed by court order.) An affirmative answer will not necessarily result in disqualification for employment.

---

**EMPLOYMENT DESIRED:**

INDICATE THE POSITION(S) FOR WHICH YOU ARE APPLYING:

Paralegal

DATE YOU CAN START?

Immediately

WHAT IS YOUR HOURLY RATE/SALARY REQUIREMENT?

Negotiable

INDICATE YOUR AVAILABILITY FOR THE FOLLOWING WORK:

☑ Full-time   ☐ Part-time   ☐ Temporary

☑ 9 a.m. – 5:30 p.m.   ☑ Other Hours: Flexible

☑ Overtime on Short Notice   ☑ Week-Ends on Short Notice

IF YOU ARE CURRENTLY EMPLOYED, MAY WE CONTACT YOUR CURRENT EMPLOYER?   N/A
☐ YES          NO

HOW WERE YOU REFERRED TO MP&P? (Please "X" the type of referral and, if applicable, specify the name of the newspaper, business, school, or person that referred you to MP&P.)

| ☐ | Newspaper/Web: | ☐ | MP&P Employee: |
|---|---|---|---|
| ☑ | Agency: | ☐ | Self-Initiated |
| ☐ | School: | ☐ | Other: |

| EMPLOYMENT HISTORY | | LIST THE LAST 7 YEARS OF EMPLOYMENT OR LAST 5 EMPLOYERS; USE ADDITIONAL PAPER IF NECESSARY; PLEASE DO NOT PUT "SEE RESUME" | |
|---|---|---|---|
| FROM: (Month/Year) 8/06 | TO: (Month/Year) 1/07 | EMPLOYER: Kramer Levin Naftalis + Frankel NY, NY 10036 ADDRESS: 1177 Avenue of the Americas PHONE: ( ) (212) 715-9100 | SUPERVISOR'S NAME: Mirjana MacDonald SUPERVISOR'S TITLE: Senior Paralegal SUPERVISOR'S CURRENT PHONE: (212) 715-7633 |
| YOUR FIRST POSITION: | | Paralegal - Litigation (Contract) | YOUR STARTING PAY RATE: $20/hour + overtime |
| YOUR LAST POSITION | | Paralegal - Litigation (Contract) | YOUR ENDING PAY RATE: $20/hour + overtime |
| DESCRIBE YOUR PRIMARY JOB DUTIES: Primarily deposition and trial prep duties. (Please see resume) (Retained by Legal Agency - Update Legal) | | | |
| REASON FOR LEAVING: Assignment Ended (Trial Delayed) | | | voluntary or involuntary (circle one) |
| MAY WE CONTACT THIS EMPLOYER FOR A REFERENCE? ☑ YES   ☐ NO  If no, please explain: | | | |
| FROM: (Month/Year) 12/04 | TO: (Month/Year) 7/06 | EMPLOYER: MetLife ADDRESS: 8701 Queens Plaza North Long Island City, NY 11101 PHONE: ( ) | SUPERVISOR'S NAME: Tad Grays, Esq. SUPERVISOR'S TITLE: Asst. General Counsel SUPERVISOR'S CURRENT PHONE: (212) 578-1143 |
| YOUR FIRST POSITION: | | Paralegal - Litigation (Contract) | YOUR STARTING PAY RATE: $23/hour + overtime |
| YOUR LAST POSITION | | Paralegal - Litigation (Contract) | YOUR ENDING PAY RATE: $22/hour |
| DESCRIBE YOUR PRIMARY JOB DUTIES: Responded to discovery requests, subpoenas, and governmental inquiries. (Please see resume) (Retained by Legal Agency - Peak Organization) | | | |
| REASON FOR LEAVING: Death in my family | | | voluntary or involuntary (circle one) |
| MAY WE CONTACT THIS EMPLOYER FOR A REFERENCE? ☑ YES   ☐ NO  If no, please explain: | | | |
| FROM: (Month/Year) 8/04 | TO: (Month/Year) 10/04 | EMPLOYER: Bingham McCutchen ADDRESS: 399 Park Avenue New York, NY 10022 PHONE: ( ) 212 - 705-7000 | SUPERVISOR'S NAME: Theresa Brown SUPERVISOR'S TITLE: Litigation Support Manager SUPERVISOR'S CURRENT PHONE: ( ) |
| YOUR FIRST POSITION: | | Paralegal - Litigation (Contract) | YOUR STARTING PAY RATE: $22/hr |
| YOUR LAST POSITION | | Paralegal - Litigation (Contract) | YOUR ENDING PAY RATE: $22/hr |
| DESCRIBE YOUR PRIMARY JOB DUTIES: Updated Concordance Database; Hyperlinked Documents; Downloaded Deposition Video Files (Retained by UpdateLegal) | | | |
| REASON FOR LEAVING: Assignment Ended (Short-Term Assignment) | | | voluntary or involuntary (circle one) |
| MAY WE CONTACT THIS EMPLOYER FOR A REFERENCE? ☑ YES   ☐ NO  If no, please explain: | | | |

MPP0002

| FROM: (Month/Year) | TO: (Month/Year) | EMPLOYER: Epstein Becker + Green | SUPERVISOR'S NAME: |
|---|---|---|---|
| 5/04 | 7/04 | ADDRESS: 250 Park Avenue New York, NY 10177 | SUPERVISOR'S TITLE: |
| | | PHONE: ( ) 212-351-4500 | SUPERVISOR'S CURRENT PHONE: ( ) |

YOUR FIRST POSITION: Paralegal - Litigation (Contract)
YOUR STARTING PAY RATE: $20 / hour

YOUR LAST POSITION: Paralegal - Litigation (Contract)
YOUR ENDING PAY RATE: $20 / hour

DESCRIBE YOUR PRIMARY JOB DUTIES:
Primarily trial preparation duties, including coding and indexing of documents. (Retained by Update Legal)

REASON FOR LEAVING: Assignment Ended (Short-Term Assignment) voluntary or **involuntary** (circle one)
MAY WE CONTACT THIS EMPLOYER FOR A REFERENCE? ☒ YES ☐ NO If no, please explain:

| FROM: (Month/Year) | TO: (Month/Year) | EMPLOYER: Simpson Thacher + Bartlett | SUPERVISOR'S NAME: John Baldwin, Esq. |
|---|---|---|---|
| 10/02 | 5/03 | ADDRESS: 425 Lexington Avenue New York, NY 10017 | SUPERVISOR'S TITLE: Contract Attorney |
| | | PHONE: ( ) 212-455-2000 | SUPERVISOR'S CURRENT PHONE: (646) 678-2552 |

YOUR FIRST POSITION: Paralegal - Litigation (Contract)
YOUR STARTING PAY RATE: $18 / hour + overtime

YOUR LAST POSITION: Paralegal - Litigation (Contract)
YOUR ENDING PAY RATE: $18 / hour + overtime

DESCRIBE YOUR PRIMARY JOB DUTIES:
Primarily trial preparation duties, including document review, witness pulls for depositions, and managing case files (Retained by Update Legal)

REASON FOR LEAVING: Assignment Ended (case was Arbitrated) voluntary or **involuntary** (circle one)
MAY WE CONTACT THIS EMPLOYER FOR A REFERENCE? ☒ YES ☐ NO If no, please explain:

| UNEMPLOYMENT | PLEASE ACCOUNT FOR ALL PERIODS OF UNEMPLOYMENT WITHIN THE LAST SEVEN (7) YEARS | | |
|---|---|---|---|
| Description | FROM | TO | Reason |
| Mother's terminal illness and death; Political Science Doctoral Study at New School for Social Research. | 6/03 | 4/04 | |
| | | | |

| MILITARY SERVICE | LIST ANY SPECIAL SKILLS OR ABILITIES AS THE RESULT OF SERVICE IN THE MILITARY |
|---|---|
| Please describe: N/A | |

## EDUCATION AND TRAINING

| SCHOOL | EXACT NAME, CITY AND STATE OF EACH SCHOOL ATTENDED | GRADUATED | | NO. OF YEARS COMPLETED | DIPLOMA, DEGREE, OR TYPE OF COURSE |
|---|---|---|---|---|---|
| | | YES | NO | | |
| High School | St. Paul's School - Concord, NH | ✓ | | 4 | H.S. Diploma |
| College | University of Pennsylvania - Philadelphia, PA | ✓ | | 4 | B.A., Economics |
| Graduate School | New School for Social Research (New School University) NY, NY | ✓ | | 9 | M.A., Political Science + Historical Studies |
| Trade or Business School | | | | | |
| Other Job-Related Training | New York University NY, NY | | ✓ | 1 | Project Management; Organizational + Executive Coaching |

Other Job-Related Experience, Skills, Qualifications, or Activities (including relevant skills acquired during U.S. military service):

Computer Skills (list programs you are proficient on and/or certifications): (For Additional Programs, Please see Resume)

Microsoft Office Suite; Concordance; iManage; LiveNote; Westlaw

## PROFESSIONAL, LICENSED OR CERTIFIED POSITION

| NAME OF LICENSE/CERTIFICATION | ISSUING STATE /NUMBER |
|---|---|
| N/A | |

Has your license/certification every been revoked or suspended:    YES    (NO)
If yes, explain:

## REFERENCES    PROVIDE THREE REFERENCES. DO NOT INCLUDE RELATIVES OR FORMER SUPERVISORS LISTED ABOVE.

| NAME/ADDRESS | RELATIONSHIP | PHONE | YEARS ACQUAINTED |
|---|---|---|---|
| Hugh Gaffney | Co-Worker at MetLife | (212) 314-5386 | 2 + years |
| Grisel Infante | Co-Worker at MetLife | (212) 578-3889 | 2 + years |
| Siobhan Brooks | Fellow Doctoral Student at the New School | (805) 722-2832 | 5 + years |

MPP0004

## DISCLOSURE AND AUTHORIZATION TO OBTAIN INFORMATION

In connection with my employment with YOUR COMPANY NAME, I understand that prior to or at any time after my employment commences a Consumer Report may be requested for employment purposes from InfoLink Screening Services, Inc. (herein: "InfoLink") from public records including; but not limited to, Social Security number, motor vehicle operation history, workers' compensation information and criminal history to the extent permitted by law from various local, state, and federal agencies. Further, I understand that an Experian Employment Insight Report, Trans Union Pre-Employment Evaluation Report or Equifax Credit Report for Employment may be requested. Finally, I understand that an Investigative Consumer Report may be requested and, as required under §606(a)(1) of the federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 et seq., I understand that this Report will include information as to my character, general reputation, personal characteristics, mode of living, work habits, performance, experience, along with reasons for termination of past employment, whichever are applicable, obtained through personal interviews with associates who have knowledge concerning such items of information.

    I VOLUNTARILY AND KNOWINGLY AUTHORIZE ANY PRESENT OR PAST EMPLOYER OR SUPERVISOR, COLLEGE OR UNIVERSITY OR OTHER INSTITUTION OF LEARNING, ADMINISTRATOR, LAW ENFORCEMENT AGENCY, STATE AGENCY, LOCAL AGENCY, FEDERAL AGENCY, CREDIT BUREAU, COLLECTION AGENCY, PRIVATE BUSINESS, MILITARY BRANCH OR THE NATIONAL PERSONNEL RECORDS CENTER, PERSONAL REFERENCE, AND/OR OTHER PERSONS TO GIVE RECORDS OR INFORMATION THEY MAY HAVE CONCERNING MY CRIMINAL HISTORY, MOTOR VEHICLE HISTORY, SOCIAL SECURITY NUMBER, EARNINGS HISTORY, CHARACTER, AND EMPLOYMENT (INCLUDING REASONS FOR TERMINATION), CREDIT HISTORY, CREDIT CAPACITY, OR CREDIT STANDING OR ANY OTHER INFORMATION REQUESTED BY INFOLINK DEEMED PERTINENT TO MY EMPLOYMENT.

In accordance with the Fair Credit Reporting Act, the California Consumers Investigative and Credit Reporting Agencies Acts, and the Federal Trade Commission staff opinions, I understand that I have the right to request a complete and accurate disclosure of the nature and scope of the investigation requested. Further, I am entitled to know if employment is denied because of information obtained by my prospective employer from a Reporting Agency. If so, I will be so advised in writing and be given the name, address and toll free number of the agency, a statement that the action was based in whole or in part on information contained in the Report, and written notice that I have the right (i) if I request, to obtain within sixty days a free copy of the Report from the Reporting Agency (under no circumstances shall such cost exceed the actual costs of duplication), and from any other Consumer Reporting Agency which compiles and maintains files on consumers on a nationwide basis; and, (ii) to dispute the accuracy or completeness of any information in a consumer report furnished by the Reporting Agency. I understand that upon my request with reasonable notice and after furnishing proper identification, InfoLink's trained personnel will provide me with investigative information in my file during normal business hours in person or upon written request, by certified mail to a specified addressee, or telephone as permitted by law. Further, I understand that I should if I wish to review my file in person; I am permitted to be accompanied by one other person of my choosing who shall furnish reasonable identification.

I understand that InfoLink is a Consumer Reporting Agency and it is InfoLink's policy to not be involved in or make hiring decisions or recommendations; however InfoLink will provide a written explanation of any coded information contained in my file. InfoLink's privacy policy limits the information it provides to the Subscriber named herein, however I hereby authorize the Subscriber to share such information with parties in interest who have a "need to know" such information to protect them and their employees. Such information may include names and dates of other Subscriber inquiries to InfoLink. InfoLink does not sell or otherwise provide any of the information found in its background investigations to any other party.

I understand that any Consumer Report or Investigative Consumer Report requested will be used strictly for employment purposes as defined under §603(h) and authorized under §604(a)(3)(B) of the Fair Credit Reporting Act, as a report to be used for the purpose of evaluation for employment, promotion, reassignment or retention as an employee. I further understand that request for workers' compensation information shall be after a conditional job offer is made and may include "any and all" injuries pursuant to state law and in compliance with the Federal Americans with Disabilities Act. In addition, any offer of employment, promotion, or reassignment will be conditional upon the receipt of satisfactory information as required and that to be considered for employment, promotion, or reassignment, I must authorize the procurement of such Report(s). A photographic or faxed copy of this form shall be as valid as the original.

----

The following must be filled out completely and signed for your application to be considered
(Please print)

LAST NAME __Kirkland__    FIRST NAME __Zosera Stacey__    MIDDLE NAME/INITIAL __S.__

HOME ADDRESS __156 East 171st Street__

CITY __Bronx__    COUNTY _____    STATE __NY__    ZIP __10452__

SOCIAL SECURITY NUMBER ████    DRIVER'S LICENSE NUMBER ████    STATE ISSUED ____

FOR IDENTIFICATION PURPOSES, PLEASE PROVIDE: MONTH OF BIRTH ____ (Jan-Dec)    DAY OF MONTH BORN ____ (1-31)
(PLEASE DO NOT SUPPLY YEAR OF BIRTH)

HAVE YOU USED ANY NAMES OR SOCIAL SECURITY NUMBERS OTHER THAN ABOVE? ☑ Yes ☐ No

Please List Other Names Used __Stacey S. Kirkland__   Please List Other SS Number Used __N/A__
__Zosera A. M. Inzana__ Please print

Signature Authorizing the Procurement of the Consumer Report and/or Investigative Consumer Report      TODAY'S DATE __3/19/07__

----

I understand that in California, Minnesota, or Oklahoma if a Consumer Report/Investigative Consumer Report (including any Credit Report) was requested, I may order a copy of such report and it will be mailed to me immediately: ☐ Yes, please send me a copy of my Report

⬤ InfoLink    9201 Oakdale Avenue, Suite 100, Chatsworth, CA 91311-6520    © 1995-2002 InfoLink All Rights Reserved
PHN: (818) 990-HIRE ✦ (800) 990-HIRE ✦ FAX: (818) 709-2345    (Company ID: COMPID)

## APPLICANT'S STATEMENT
### (Initial Each Paragraph as Read)

_____ 1. **Authorization To Check References.** I hereby certify that the information contained in this application form is true and correct to the best of my knowledge and I agree to have any of the statements checked by MP&P, unless I have indicated to the contrary. I authorize the schools, companies, and organizations' supervisors and references listed to provide MP&P with any and all relevant information or knowledge that they may have and may be permitted by law to give MP&P. Further, I hereby release MP&P, my former employers and all other persons from any and all claims, demands, or liabilities that may result from such inquiry or disclosure of information to MP&P, as well as from the use or disclosure of such information on this application, which may result in my failure to receive an offer or, if I am hired, in my termination of employment.

_____ 2. **Background Check/Credit Reports.** I understand that I will be asked to complete a notification and authorization to complete a background check and understand that if I am denied employment based upon the information contained in such credit report, I will be provided with the name, address, and telephone number of the consumer reporting agency, a copy of the report, and an explanation of my rights concerning it.

_____ 3. **At-Will Employment.** In consideration of my employment, I agree to conform to the policies, rules and standards of MP&P and agree that my employment and compensation can be terminated at will, with or without cause, and with or without notice, at any time, by either myself or MP&P. I understand that no employee or representative of MP&P other than the Managing Partner of the firm has any authority to enter into any agreement for employment for any specified period of time, or to make any agreement contrary to the foregoing. Further, the Managing Partner of the firm may not alter the at-will nature of the employment relationship unless he/she expresses a clear intent to do so in a specific written agreement signed by both the Managing Partner and myself. I also understand that all offers of employment are conditioned on the provision of satisfactory proof of my identity and legal authority to work in the U.S.

_____ 4. **Validity of Information.** I understand that any false or misleading information given in my application or interview, and/or material omissions of information may constitute grounds for revocation of offer, refusal to hire or termination of my employment at any time.

_____ 5. **Binding Arbitration.** In consideration of my employment, I understand and agree that in the event of any issue or dispute arising under or involving any aspect or term of my employment with MP&P or the termination of that employment (except for claims for worker's compensation, unemployment insurance, any matter within the jurisdiction of the California Labor Commissioner), both MP&P and I agree that the issue shall be submitted to final and binding arbitration, which is explained in more detail in MP&P's Arbitration Agreement which will be included in the new hire package.

By placing my signature below, I certify that I have read, understand, and agree to the above.

_____
APPLICANT'S SIGNATURE

_____3/19/07_____
DATE SIGNED

10/02

MPP0006

# EXHIBIT

# 7

**From:** Kirkland, Zosera
**Sent:** Wednesday, April 11, 2007 3:18 PM
**To:** Brown, Holly
**Subject:** Follow-up Regarding Legal Matter

Hi Holly,

I was finally able to locate my attorney, Ron McGuire, for the May 2000 incident.  Mr. McGuire said that due to the non-violent nature of the protest, the absence of property damage, and the fact that none of the protesters had prior records, he was able to negotiate favorably on our behalf, and that I was not convicted of resisting arrest nor obstructing government administration, although these were the initial charges.  (According to him, the resisting arrest charge came from going limp during arrest, and is no longer considered to be resisting arrest by many New York judges.)

Instead, these initial charges were negotiated down, and as he verified with the court clerk, I plead guilty to disorderly conduct, Penal Code 240.20, which is a violation and not a crime (i.e., misdemeanor or felony).  Subsequently, the record should have been sealed and should no longer be a matter of public record.

Therefore, as I stated on my application and as I explained to you on Friday, I have not been convicted of a crime.  If you have further questions or concerns, please feel free to contact me or Mr. McGuire, who can be reached at 201-795-0342.

Thank you again for bringing this important matter to my attention.

Best Regards,
Zosera S. Kirkland
Litigation Paralegal
Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY 10036
Ph: 212-790-4637
zkirkland@manatt.com

5/11/2007

# EXHIBIT

# 8

# manatt
manatt | phelps | phillips

**William T. Quicksilver**
**Chief Executive and Managing Partner**
Manatt, Phelps & Phillips, LLP
Direct Dial: (310) 312-4210
E-mail: wquicksilver@manatt.com

March 26, 2007

_PERSONAL AND CONFIDENTIAL_

Zosera Stacey Kirkland
156 East 171st Street, Apt. 2J
Bronx, NY 10452

    **Re:**    **Employment with Manatt**

Dear Zosera:

    We are pleased to confirm our offer to you to join Manatt, Phelps & Phillips, LLP (the "Firm") as a Litigation Paralegal in our New York City office. This offer is contingent upon your providing acceptable documentation substantiating your right to work in the United States and clearing our conflicts process. This offer is also contingent upon our receiving a satisfactory response to a complete background investigation which includes, but is not limited to, criminal history search, social security trace, motor vehicle report, and such other checks which the position applied for requires.

    Your base compensation will be at the annual rate of $50,000 ("Base Compensation"), payable in accordance with Firm's normal semi-monthly payroll schedule, net of applicable payroll taxes. For income tax purposes, you will be compensated as an employee of the Firm, and you will be a non-exempt employee.

    We are a merit-based Firm regardless of status. Accordingly, in addition to your Base Compensation you may be eligible to receive a bonus for 2007 and each subsequent calendar year you are employed with the Firm. Bonus compensation will be reported on your Form W-2 for the year the bonus is actually paid, rather than the year to which the bonus relates. Your bonus compensation will be determined in the sole discretion of the Firm's Compensation Committee with reference to all factors used by it in determining the total compensation of Firm employees.

    You will be eligible to participate in the Firm's employee benefit plans, subject to the terms, conditions and limitations of those plans. Our current benefits package has been sent to you under separate cover and is modified from time to time, primarily in response to the availability and pricing of various plans and options.

    Please note that employment with the Firm is at the mutual consent of each employee and the Firm. Accordingly, while the Firm has every hope that employment relationships will be mutually beneficial and rewarding, each of the employee and the Firm retains the right to terminate the employment relationship at will, at any time, with or without cause or notice.

11355 West Olympic Boulevard, Los Angeles, California 90064-1614  Telephone: 310.312.4000 Fax: 310.312.4224

Albany | Los Angeles | New York | Orange County | Palo Alto | Sacramento | Washington, D.C.

Zosera Kirkland
March 26, 2007
Page 2

In the event a dispute should arise between us under or in connection with any aspect of this Agreement, including, but not limited to, the performance of or failure to perform any duty or obligation under this Agreement by any Firm partner, employee, or agent, and the validity of this arbitration provision, such dispute shall be resolved by final, binding arbitration in Los Angeles, California in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA"). The terms and procedures applicable to any such arbitration and to the selection of the arbitrator are set forth on Annex A, which is incorporated herein by this reference.

If you have any questions, please feel free to contact Diana Iketani, our Chief Recruiting Officer, at 310-312-4356, or Patricia Sanjuan at 212-830-7185.

In the meantime, we request that you acknowledge acceptance of this offer by signing one of the two enclosed copies and returning the signed copy to Patricia Sanjuan in our New York City office.

Sincerely,

William T. Quicksilver

**AGREED TO AND ACCEPTED:**

_____          _____
Date                             Zosera Kirkland

Zosera Kirkland
March 26, 2007
Page 3

## ANNEX A- ARBITRATION TERMS AND PROCEDURES

Arbitration shall be commenced by the service of a demand upon the other party or parties, which shall set forth the matters to be arbitrated. The notice shall be sent to the other party by certified or registered mail, return receipt requested, within the statute of limitations period provided by applicable local, state or federal law. Any claim that is not initiated as described by this paragraph within the applicable statute of limitations period shall be barred.

Both parties agree that, except as provided in this Agreement, any arbitration shall be in accordance with and under the auspices and employment rules of the American Arbitration Association ("AAA"), if AAA ceases to exist then in accordance with and under the auspices and employment rules of JAMS (hereinafter the "Arbitration Service"); provided however, that, in the event of any inconsistency between the rules and procedures of the Arbitration Service and the terms of this Agreement, the terms of this Agreement shall prevail.

The arbitrator shall be selected by the mutual agreement of the parties. If the parties cannot agree on a neutral arbitrator, you first, and then the Firm, will alternately strike names from a list provided by the Arbitration Service until only one name remains. The arbitrator selected shall be experienced in serving as an arbitrator in disputes between employers and employees. The arbitrator shall have exclusive authority to resolve any dispute relating to the interpretation, performance, applicability, enforceability or formation of this Agreement, including but not limited to any claim that all or any part of this Agreement is void or voidable. The arbitrator shall have no authority to add to or to modify this Agreement. All rights, causes of action, remedies and defenses available under applicable law are available to the parties hereto, and shall be applicable as though in a court of law, including the right to file a motion for summary judgment. The arbitrator shall apply the applicable statute of limitations to any claim, taking into account compliance with the notice requirement of this Agreement as described above. The parties shall be entitled to reasonable discovery subject to the discretion of the arbitrator. The arbitrator shall issue a written opinion and award, which shall be signed and dated. The arbitrator shall be permitted to award only those remedies that are available under applicable law. The arbitrator's decision regarding the claims shall be final and binding upon the parties. The arbitrator's award shall be enforceable in any court having jurisdiction thereof. All communications relating to the subject matter of a pending arbitration between the partnership and its counsel shall be privileged and confidential even if you are still a current employee with the Firm, and you shall have no right of access to such communication.

You understand that, by this Agreement, you are waiving your right to have a claim adjudicated by a court or jury. Any party may be represented by an attorney or other representative selected by the party, at his/her own cost.

Zosera Kirkland
March 26, 2007
Page 4


We agree that the party commencing the arbitration will be required to pay an arbitration fee to initiate the arbitration equal to what they would be charged as a first appearance fee in court. The Firm shall advance the remaining fees and costs of the arbitrator. However, to the extent permissible under the law, and following the arbitrator's ruling on the matter, the arbitrator may rule that the arbitrator's fees and costs be distributed in an alternative manner. Notwithstanding the foregoing, each party shall pay its own costs (including any expenses or costs associated with any witnesses) and attorneys' fees, if any. If, however, any party prevails on a statutory claim that affords the prevailing party attorneys' fees, or if there is a written agreement providing for attorneys' fees, the arbitrator may award reasonable fees to the prevailing party.

Each party to the arbitration and such party's attorneys shall hold in confidence, and shall not disclose to any other person, except as necessary for the implementation or enforcement of an award or as required by law, the amount and other provisions of any arbitration award.


80388307.1