UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STACEY KIRKLAND a/k/a ZOSERA STACEY KIRKLAND,

             Plaintiffs,

      v.

MANATT, PHELPS & PHILLIPS, LLP and KROLL BACKGROUND AMERICA, INC. d/b/a INFOLINK SCREENING SERVICES, INC.,

             Defendants.

No. 08-CV-3371 (DAB)

---

# DEFENDANT KROLL'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO STAY THE PROCEEDINGS

Dated: September 5, 2008

Of Counsel:

Devjani Mishra
Pamela Quigley Devata (*Pro Hac Vice*)

SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018-1405
(212) 218-5500

Attorneys for Defendants
Kroll Background America, Inc. d/b/a/ InfoLink Screening Services, Inc.

**PRELIMINARY STATEMENT**

It is undisputed that plaintiff entered into an agreement with Manatt to arbitrate her claims "arising under or involving any aspect or term of [her] employment with MP&P or the termination of that employment." In relevant part, Plaintiff's Complaint alleges that Manatt and Kroll both violated the Fair Credit Reporting Act and New York State Fair Credit Reporting Act based on a background screening report that was procured about plaintiff in connection with her offer of employment at Manatt. Because the factual circumstances giving rise to plaintiff's claims against both Manatt and Kroll are intertwined with the arbitration agreement plaintiff signed in her employment application, plaintiff should be estopped from attempting to circumvent that agreement. Accordingly, Kroll respectfully requests that this Court compel plaintiff to arbitrate her claims against Kroll.[1]

**I.    Plaintiff Misstates the Requirements for a Non-Signatory to an Arbitration Agreement to Compel Arbitration.**

The crux of plaintiff's argument (as it relates to Kroll), is that Kroll cannot compel arbitration against plaintiff because it is not a signatory to the agreement and it has not set forth one of five criteria required to do so. (Pl. Resp. at 22-23). But plaintiff thus misstates the law. Although plaintiff is correct that the Smith/Enron Court set forth five theories under which a *signatory* may enforce an arbitration agreement against a *non-signatory* (namely, incorporation by reference, assumption, agency, veil piercing/alter ego or estoppel)*,* none of these are necessary in the opposite scenario where, as here, a *non-signatory* is seeking to compel a *signatory* to arbitrate. Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc., 198 F.3d 88, 98 (2d Cir. 1999) (quoting Thompson-CSF, S.A. v. American Arbitration

---

[1] Kroll joins in Manatt's Reply in Support of its Motion to Compel Arbitration and the reasoning therein, which responds to plaintiff's arguments that the arbitration agreement is not enforceable for lack of consideration.

Ass'n, 64 F.3d 773, 779 (2d Cir. 1995) (recognizing an "alternative estoppel theory requiring arbitration between a signatory and nonsignatory")). As the Zaks Court explained:

> But the limitations observed in *Thompson* are inapplicable where, as here, 'it is the non-signatory that seeks to invoke the arbitration clause.' The issue then, as in *Gambardella*, 'is not whether non-signatories to the agreement can be compelled to arbitrate; rather, it is whether these non-signatories may compel plaintiff, admittedly a party to the contract, to arbitrate.'

Zaks v. TES Franchising, LLC, Case No. 01-2266, 2004 U.S. Dist LEXIS 12764, at \*\*22-23 (D.Conn. Jul. 9, 2004) (quoting Choctaw Generation Ltd. P'ship v. American Home Assurance Co., 271 F.3d 403, 406 (2d Cir. 2001) and Gambardella v. Pentec, Inc., 218 F. Supp. 2d 237 (D.Conn. 2002) (internal quotations omitted)). Accordingly, plaintiff's argument that Kroll cannot allege any of the five criteria under Thompson is irrelevant to whether this Court should compel arbitration of plaintiff's claims against Kroll.

Rather, when a nonsignatory seeks to compel arbitration against a signatory of an agreement, claims are subject to arbitration if they are "factually intertwined" with the arbitrable dispute. See Choctaw, 271 F.3d at 406. Indeed, courts in the Second Circuit have consistently held that "under principles of estoppel, a non-signatory to an arbitration agreement may compel a signatory to that agreement to arbitrate a dispute where . . . the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." Vertucci v. Orvis, Case No: 3:05cv1307, 2006 U.S. Dist. LEXIS 39320, at \*19 (D. Conn. May 30, 2006) (quoting JLM Indus. v. Stolt-Nielsen SA, 387 F.3d 163, 177 (2d Cir. 2004) (internal quotation marks and citation omitted)). Arbitration is appropriately compelled where "the relationships of persons, wrongs and issues, in particular whether the claims that the nonsignatory sought to arbitrate were 'intimately founded in and intertwined with the underlying contract obligations.'" See Choctaw, 271 F.3d at 406.

2

Although this Court has considered issues of non-signatories compelling signatories to arbitrate claims, the specific case of a consumer reporting agency moving to compel a plaintiff employee's claims in connection with a pre-employment background screening report is one of first impression for this Court. In this case, Manatt hired Kroll to conduct a background check on plaintiff, and that plaintiff's employment was conditioned upon a successful completion of that check. (Compl. ¶¶ 12, 13). The underlying "issues" that plaintiff agreed to arbitrate in her agreement with Manatt were those "arising under or involving any aspect or term of [her] employment with MP&P or the termination of that employment." Pl. Resp., Ex. 6.

Thus, because plaintiff's employment was conditioned upon a successful completion of a background check provided by Kroll, claims alleging that Kroll failed to take reasonable procedures in reporting information on the background check and failed to correct errors in plaintiff's report are undoubtedly "intertwined" with an "aspect of [plaintiff's] employment." Accordingly, plaintiff's claims against Kroll involving the background check, are "intimately founded in and intertwined with" plaintiff's underlying contract obligations and should be arbitrated per her arbitration agreement with Manatt.

Plaintiff's argument that she has brought different claims against Manatt and Kroll is also not compelling. While the specific sections of the Fair Credit Reporting Act and the New York State Fair Credit Reporting Act under which plaintiff is seeking redress against Manatt and Kroll are different, the allegations against both defendants involve the same set of facts and circumstances. Both involve:

- the same application for employment;
- the same arbitration agreement;
- the same background check;
- the same dispute of information in the background check;

3

- the same rejection of the employment offer;
- the same witnesses; and
- the same documentary evidence.

Accordingly, plaintiff's claims against Manatt and Kroll are "factually intertwined." Furthermore, based on these factual similarities, allowing one defendant's claims to be arbitrated while the other defendant remains before this Court would be a needless and preventable waste of judicial resources and require a duplication of efforts on the part of all parties involved.

## II.     Plaintiff's Defamation Claim Against Kroll Is Preempted by the Fair Credit Reporting Act

Plaintiff's Response includes a two sentence statement alleging that "plaintiff's defamation claim against Kroll cannot be arbitrated because the statute of limitations has expired." Pl. Resp. at 22.  She seemingly suggests this as a reason that she should not be compelled to arbitrate her claims against Kroll, but offers no further explanation or case authority to support this assertion.  Such an argument is not determinative of whether a claim should be arbitrated, and in any event, is moot because claims for defamation are preempted by the Fair Credit Reporting Act (FCRA).  Section 610 of the FCRA expressly states:

> no consumer may bring any action or proceeding in the nature of *defamation,* invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency . . .based on information disclosed . . . except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e) (emphasis added).  Nowhere in plaintiff's complaint does she allege that Kroll acted with malice, and she therefore cannot escape such preemption.

## **CONCLUSION**

Simply put, plaintiff's claims against Kroll are intertwined with the same facts, documents, and witnesses as her claims against Manatt, and all of her claims constitute issues arising under or involving an aspect or term of plaintiff's employment.  As such, plaintiff's

4

claims against Kroll fall into the coverage of the arbitration agreement between Manatt and plaintiff, and plaintiff should be estopped from arguing otherwise. For these reasons, and those set forth in its moving papers, Kroll respectfully requests that this Court compel plaintiff to arbitrate her claims against it.

Dated: September 5, 2008

                    Respectfully submitted,

                    SEYFARTH SHAW LLP

                    By: s/ Pamela Q. Devata
                         Devjani Mishra
                         Pamela Quigley Devata
                    620 Eighth Avenue, 32nd Floor
                    New York, New York 10018
                    (212) 218-5500

                    Attorneys for Defendant Kroll Background America, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2008, I electronically filed the foregoing Reply Memorandum of Law with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following counsel of record:

>Ronald B. McGuire, Esq.
>PMB 199-511 Avenue of the Americas
>New York, New York 10011-8436
>*Attorneys for Plaintiff*
>
>David S. Werner
>Littler Mendelson, P.C.
>885 Third Avenue
>New York, New York 10022
>*Attorneys for Manatt, Phelps and Phillips LLP*

>s/ Devjani Mishra