UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STACEY KIRKLAND a/k/a ZOSERA STACEY KIRKLAND,<br><br>Plaintiff,<br><br>- against -<br><br>MANATT, PHELPS and PHILLIPS, LLP; and KROLL BACKGROUND AMERICA, INC. d/b/a INFOLINK SCREENING SERVICES, INC.,<br><br>Defendants. | 08-CV-3371 (DAB) (JCF)<br><br>ECF Case |

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT MANATT, PHELPS AND PHILLIPS, LLP'S MOTION TO DISMISS OR STAY THIS ACTION AND COMPEL ARBITRATION**

---

LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, NY  10022.4834
Telephone:  212.583.9600
Facsimile:  212.832.2719

Attorneys for Defendant
Manatt, Phelps & Phillips, LLP

*Of Counsel*:
David S. Warner
Diana R. Nance

# TABLE OF CONTENTS

**PAGE**

I.    PRELIMINARY STATEMENT ................................................................. 1

II.   ARGUMENT ........................................................................................ 2

    A.    Plaintiff Entered Into An Enforceable Arbitration Agreement When She
       Signed Her Employment Application ................................................. 2

        1.    The Application Arbitration Agreement Does Not Contain A
           Condition Precedent And Is Supported By Valid Consideration .............. 2

    B.    Plaintiff Does Not Deny That She Entered Into Another Arbitration
       Agreement When She Verbally Accepted MP&P's Employment Offer .............. 6

    C.    Plaintiff's Claims In This Case Are Covered By Both Arbitration
       Agreements ................................................................................. 8

        1.    The Application Arbitration Agreement Covers Plaintiff's Claims .......... 8

        2.    There Is No Dispute That The Offer Letter Arbitration Agreement
           Covers Plaintiff's Claims ...................................................... 10

III.  CONCLUSION ..................................................................................... 10

# TABLE OF AUTHORITIES

PAGE

## CASES

*Anonymous v. Anonymous,*
  784 N.Y.S.2d 918 (N.Y. Sup. Ct., N.Y. Cty. 2004)................................................ 3

*Arculeo v. On-Site Sales & Mktg., LLC,*
  425 F.3d 193 (2d Cir. 2005).................................................................................. 5

*Argueta v. North Shore Long Island Jewish Health Sys., Inc.,*
  No. 01-CV-4031 (JG), 2003 U.S. Dist.
  LEXIS 20456, (E.D.N.Y. Nov. 6, 2003)............................................................. 7

*Ashkenazi v. Kent South Assocs.,*
  LLC, 857 N.Y.S.2d 693 (2d Dep't 2008) ........................................................... 3

*Bensadoun v. Jobe-Riat,*
  316 F.3d 171 (2d Cir. 2003).................................................................................. 8

*Collins and Aikman Prods. Co. v. Building Sys., Inc.,*
  58 F.3d 16 (2d Cir. 1995)...................................................................................... 9

*Dortz v. City of New York,*
  904 F. Supp. 127 (S.D.N.Y. 1995) ....................................................................... 5

*Eaton v. Goodstein Mgmt., Inc.,*
  No. 97 Civ. 6582 (TPG), 1999 U.S. Dist.
  LEXIS 17655 (S.D.N.Y. Nov, 15, 1999)............................................................. 5

*Genesco Inc. v. Kakiuchi & Co.,*
  815 F.2d 840 (2d Cir. 1987)............................................................................. 6, 8

*Joao v. Cenuco, Inc.,*
  376 F. Supp. 2d 380 (S.D.N.Y. 2005).................................................................. 2

*Kazmierczak v. Hopevale,*
  No. 02-CV-0003A(Sr), 2006 U.S. Dist.
  LEXIS 36723 (W.D.N.Y. Jun. 6, 2006)............................................................... 5

*Marcoux v. Farm Serv. & Supplies, Inc.,*
  290 F. Supp. 2d 457 (S.D.N.Y. 2003).................................................................. 7

*Mastrobuono v. Shearson Lehman Hutton,*
  514 U.S. 52 (1995)................................................................................................ 8

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,*
  460 U.S. 1 (1983).............................................................................................. 8, 10

*Owen-Williams v. BB&T Investment Servs., Inc.,*
  No. 06-0948 (CKK), 2006 U.S. Dist.
  LEXIS 52392, (D.D.C. July 31, 2006) ................................................................ 2

*Robert Lawrence Co. v. Devonshire Fabrics, Inc.,*
  271 F.2d 402 (2d Cir. 1959).................................................................................. 4

## TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*,
    489 U.S. 468 (1989)...................................................................................................... 6

*Winston v. Mediafare Entertainment Corp.*,
    777 F.2d 78 (2d Cir. 1986)........................................................................................... 6

## OTHER AUTHORITIES

American Heritage Dictionary (2d College ed. 1985) 313 .......................................... 3

Random House Unabridged Dictionary (2006 ed.),
    accessed at http://dictionary.reference.com/browse/consideration ................................ 3

Restatement (Second) of Contracts § 71 (1981).......................................................... 3

Restatement (Second) of Contracts § 75 (1981).......................................................... 3

Restatement (Second) of Contracts § 79 (1981)......................................................... 4

## I.    PRELIMINARY STATEMENT

There is no merit to the arguments that Plaintiff Zosera "Stacey" Kirkland ("Plaintiff") advances in her effort to evade her contractual commitment to submit her claims to arbitration. Contrary to her contention, the evidence shows that Plaintiff entered into two arbitration agreements.   She admits she entered into the first one contained in her application for employment with Defendant Manatt, Phelps and Phillips, LLP ("MP&P") (the "Application Arbitration Agreement").   She does not deny in her declaration in opposition to this motion that she entered into the second one when she accepted an offer of employment that included an agreement to arbitrate disputes and which was later reduced to writing ("Offer Letter Arbitration Agreement").   Nor could she, for Plaintiff avers that MP&P's offer letter "*reiterated the conditions of the offer that [she] previously accepted*."  (Complaint, ¶ 15 (emphasis added).)[1]

Plaintiff's remaining contentions are equally unavailing.   Her first contention that the Application Arbitration Agreement is unenforceable for lack of consideration or failure to fulfill a condition precedent is infirm.   It is based on a misinterpretation of the prefatory phrase "in consideration of employment," which means in "in view of" or "looking toward."   It does not, as Plaintiff contends, state that her employment is a condition precedent to, or that her employment is the legal consideration for, her agreement.   Rather, the Application Arbitration Agreement contains a mutual promise to arbitrate claims, which Plaintiff admits is sufficient consideration.

Plaintiff's next contention, that her claims in this case are not covered by the Application Arbitration Agreement, is also flawed.   Her unduly narrow interpretation of the scope of the arbitration clause in this agreement flies in the face of established judicial precedent that arbitration agreements are to be construed broadly in favor of arbitration.

---

[1]   Plaintiff argues in her brief that she did not enter into the Offer Letter Arbitration Agreement but her counsel's arguments are not evidence.

The Court should accordingly dismiss or stay this action and compel Plaintiff to abide by her agreements and submit her claims to arbitration.

## II.     ARGUMENT

### A.     Plaintiff Entered Into An Enforceable Arbitration Agreement When She Signed Her Employment Application

As a threshold matter, Plaintiff admits she signed the Application Arbitration Agreement. (*See* Declaration of Zosera Stacey Kirkland Opposing Motions to Compel Arbitration and to Dismiss or Stay ("Pl. Decl."), ¶ 21 ("When I signed the arbitration clause on Manatt's employment application....").) She now wants to evade her obligations under that agreement by arguing that it is void for lack of consideration and failure to fulfill a condition precedent. (Plaintiff's Corrected Memorandum of Law Opposing Motions to Compel Arbitration and to Dismiss or Stay ("Opp. Mem."), p. 10.)  These arguments have no merit.

#### 1.     The Application Arbitration Agreement Does Not Contain A Condition Precedent And Is Supported By Valid Consideration

Plaintiff concedes that a "mutual promise to arbitrate can be sufficient consideration to support an agreement to arbitrate."  (Pl. Opp. Mem., p. 15.)  Here, the Application Arbitration Agreement contains a mutual promise to arbitrate.[2]  This is enough to end the analysis.  *See Joao v. Cenuco, Inc.*, 376 F. Supp. 2d 380, 384 n.4 (S.D.N.Y. 2005) (noting it is well settled that mutual promises qualify as valid consideration).  *See also Owen-Williams v. BB&T Investment Servs., Inc.*, No. 06-0948 (CKK), 2006 U.S. Dist. LEXIS 52392, at *14-15 (D.D.C. July 31, 2006) ("Mutual agreements to arbitrate are independently sufficient forms of consideration." (quotation and citations omitted) (copy attached to MP&P's opening memorandum of law).

---

[2] It states, in pertinent part: "In consideration of my employment, I understand and agree that in the event of any issue or dispute arising under or involving any aspect or term of my employment with MP&P or the termination of that employment..., both MP&P and I agree that the issue shall be submitted to final and binding arbitration...." (Sanjuan Decl., Ex. 1, p. 6 (emphasis added).

In an effort to sidestep this result, Plaintiff argues that her employment was a condition precedent to, and the legal consideration for, the Application Arbitration Agreement, and that she was never actually employed by MP&P.  (Opp. Mem., p. 11.)  This argument is also flawed.

First, "[i]t must *clearly* appear from the agreement itself that the parties intended a provision to operate as a condition precedent."  *Ashkenazi v. Kent South Assocs., LLC*, 857 N.Y.S.2d 693, 694 (2d Dep't 2008) (emphasis added; quotations and citations omitted).  "If the language is in any way ambiguous, the law does not favor a construction which creates a condition precedent."  *Id.*  Here, the prefatory phrase "in consideration of employment" does not clearly show that the parties understood MP&P would have to first hire Plaintiff before her arbitration agreement would become effective.  As a condition precedent must be clear and unambiguous, Plaintiff's unsupported interpretation falls flat.

Second, an agreement need not specifically label that which is being exchanged as "consideration."  *See generally Anonymous v. Anonymous*, 784 N.Y.S.2d 918, 918 (N.Y. Sup. Ct., N.Y. Cty. 2004)("It is not essential to the validity of a contract that the consideration be recited therein since it may be implied, or proved by parol evidence"); *see also* RESTATEMENT (SECOND) OF CONTRACTS §§ 71, 75 (1981).  Here, Plaintiff reads the Application Arbitration Agreement incorrectly.  Contrary to Plaintiff's contention, the phrase "in consideration of my employment" does *not* purport to state the legal consideration for the parties' agreement.[3]  The phrase "in consideration of" has a primary idiomatic meaning "in view of" or "looking toward."[4]  When the phrase is considered in context—it was contained in an application for employment— the parties were quite naturally "looking toward," and reaching an agreement "in view of," a

---

[3] Plaintiff confuses the phrase "in consideration of" with "as consideration for," which signifies an exchange of one thing for another.

[4] *See* AMERICAN HERITAGE DICTIONARY (2d Coll. ed. 1985) 313; RANDOM HOUSE UNABRIDGED DICTIONARY (2006 ed.) at http://dictionary.reference.com/browse/consideration (last viewed Sept. 3, 2008).

potential employment relationship.[5]    As the agreement is contained in an employment application, one of the implicit benefits to Plaintiff (that need not be recited) in exchange for her arbitration agreement is MP&P's promise to consider her application.

Even assuming, *arguendo*, that the legal consideration for the Application Arbitration Agreement was both a reciprocal promise to arbitrate disputes and actual employment (which it was not), Plaintiff's arguments are still devoid of merit.    First, the mutuality of the arbitration promise is sufficient *per se* and MP&P's decision to withdraw its employment offer does not void the agreement for lack of consideration.    *See generally* RESTATEMENT (SECOND) OF CONTRACTS § 79 (1981) ("[once] the requirement of consideration is met, there is no additional requirement of ... a gain, advantage, or benefit to the promisor or a loss, disadvantage, or detriment to the promisee...").    Moreover, at least one of the cases on which Plaintiff relies confirms that an alleged breach of the contract does ***not*** preclude the right to arbitrate.    *See Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 410 (2d Cir. 1959).

Second, contrary to her statements in opposition to this motion, Plaintiff alleges throughout her complaint that she ***was*** employed by MP&P.    She complains about the termination of her "temporary employment" or "temporary job" with MP&P.  (Complaint, ¶¶ 2, 4, 12, 34, 38, 44, 47.)  She asserts employment claims under the New York State Human Rights Law, alleging that MP&P took an "adverse employment action against her."  (*Id.*, ¶ 42.)  She seeks "future and past lost wages, lost salary increases, pension benefits, insurance and lost professional opportunities." (*Id.*, "Wherefore" clause, ¶ g.)[6]

---

[5]  It is worth noting that Plaintiff fails to cite any authority to support her interpretation of the agreement. Her speculation about why it would be advantageous to MP&P to require employment as a condition precedent is not relevant.  Moreover, she bases it on procedures contained in the Offer Letter Arbitration Agreement, not the Application Arbitration Agreement, which contains the language at issue.

[6]  The Court should accordingly reject Plaintiff's declarations in her opposition to this motion that "I have never been an employee of Defendant..." and "I was never employed by Manatt." (Pl. Decl., ¶¶ 2, 4.)

Plaintiff's distinction between "temporary" and "permanent" employment is nothing more than a straw man. Whether or not MP&P paid Plaintiff's wages directly does not determine *per se* whether or not she was employed with MP&P for purposes of her claims, and Plaintiff cites no authority to support her argument that it does. On the contrary, under the New York State Human Rights Law ("NYHRL"), an individual is employed by the entity that controls her working conditions. *See Kazmierczak v. Hopevale*, No. 02-CV-0003A(Sr), 2006 U.S. Dist. LEXIS 36723, at *32 (W.D.N.Y. Jun. 6, 2006) ("Where [the joint employer doctrine] is operative, an employee, formally employed by one entity, who has been assigned to work in circumstances that justify the conclusion that the employee is at the same time constructively employed by another entity, may impose liability for violations of employment law on the constructive employer, on the theory that this other entity is the employee's joint employer") (quoting *Arculeo v. On-Site Sales & Mktg., LLC,* 425 F.3d 193, 198 (2d Cir. 2005)); *Eaton v. Goodstein Mgmt., Inc.*, No. 97 Civ. 6582 (TPG), 1999 U.S. Dist. LEXIS 17655, at *21 (S.D.N.Y. Nov, 15, 1999) ("whether a defendant is a joint employer under the NYHRL ... three factors must be considered: (1) whether the defendant had the power of selection and engagement over the employee; (2) whether the defendant made the payment of salary or wages to the employee; and (3) whether the defendant had the power of dismissal over the employee and the power to control the employee's conduct."); *Dortz v. City of New York*, 904 F. Supp. 127, 147 n.8 (S.D.N.Y. 1995) (noting the critical element for determining whether one qualifies as an "employer" under the NYHRL is the degree of control over the employee's working conditions).

Plaintiff essentially alleges that MP&P was a joint employer under the NYHRL. She avers that MP&P selected her to work in its New York City office. (Pl. Decl., ¶ 14.) She alleges that she worked in MP&P's New York City office from March 19 to April 13, 2007, when

MP&P terminated her assignment. (Complaint, ¶¶ 14, 23; Pl. Decl., ¶ 23.) Indeed, Plaintiff's claims against MP&P in this case are based largely on its termination of her assignment and the withdrawal of its employment offer. Plaintiff cannot have it both ways. She cannot argue, on the one hand, that she was not employed for purposes of evading her arbitration agreement and then, on the other hand, argue she was employed for purposes of her claims.

In sum, the Application Arbitration Agreement is valid and enforceable. It does not contain any conditions precedent. It is supported by valid consideration in the form of both MP&P's implicit promise to consider Plaintiff's application for employment and its express promise to submit any disputes with Plaintiff to arbitration. Accordingly, Plaintiff entered into an enforceable arbitration agreement when she signed her employment application.

**B.    Plaintiff Does Not Deny That She Entered Into Another Arbitration Agreement When She Verbally Accepted MP&P's Employment Offer**

Plaintiff claims that she did not assent to the arbitration agreement contained in MP&P's offer of employment simply because she never got around to signing the offer letter. (Opp. Mem., pp. 10, 18.) This argument has no merit and should be rejected.

Under the Federal Arbitration Act ("FAA"), an arbitration agreement must be in writing but it need not be signed. *Genesco Inc. v. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir. 1987) (enforcing arbitration clauses in unsigned sales confirmation forms); *see also* 9 U.S.C. § 3.

Under New York law, which provides an alternative ground for enforcing the arbitration agreements in this case, such agreements need not be reduced to writing.[7] *See, e.g., Winston v. Mediafare Entertainment Corp.*, 777 F.2d 78, 80-81 (2d Cir. 1986) ("Under New York law,

---

[7]    The FAA does not preempt application of state law to enforce arbitration agreements. Rather, it preempts only those state laws that "require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989) (noting the FAA's passage "was motivated, first and foremost, by a congressional desire to enforce agreements into which parties had entered").

parties are free to enter into a binding contract without memorializing their agreement in a fully executed document. This freedom to contract orally remains even if the parties contemplate a writing to evidence their agreement. In such a case, the mere intention to commit the agreement to writing will not prevent contract formation prior to execution." (citations omitted)).

Here, Plaintiff has admitted under oath that the offer letter she received from MP&P "reiterated the conditions of the [verbal] offer that [she] previously accepted." (Complaint, ¶ 15.) *Nowhere in her declaration in opposition to this motion does Plaintiff deny that arbitration was a component of that offer.* On the contrary, Plaintiff states only that she was surprised the offer letter "specified that any arbitration would take place in Los Angeles, California." (Pl. Decl., ¶ 21.)[8] However, Plaintiff cannot contradict her own, prior admission that the offer letter accurately recited the conditions of the verbal offer she accepted. *See generally Argueta v. North Shore Long Island Jewish Health Sys., Inc.*, No. 01-CV-4031 (JG), 2003 U.S. Dist. LEXIS 20456, at *18-19 (E.D.N.Y. Nov. 6, 2003) ("[A] party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous ... testimony." (citations and quotations omitted)). Nor may her counsel do so by arguing that she never assented to any part of the Offer Letter Arbitration Agreement. *See Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457, 481 (S.D.N.Y. 2003) ("[A]rguments of counsel are not evidence.").

In sum, Plaintiff's contention that she did not enter into the Offer Letter Arbitration Agreement is belied by her own sworn statement. As Plaintiff admits she signed the Application Arbitration Agreement and verbally accepted Offer Letter Arbitration Agreement, there is no need for a hearing to determine whether she entered into the two arbitration agreements at issue.

---

[8]   As the Application Arbitration Agreement and the Offer Letter Arbitration Agreement were separate agreements, Plaintiff's counsel's observation that the latter contained three "additional material terms" from those contained in the former (Opp. Mem., p. 16) is immaterial.

**C.    Plaintiff's Claims In This Case Are Covered By Both Arbitration Agreements**

Plaintiff does not dispute that arbitration agreements must be construed broadly in favor of arbitration.  *See Bensadoun v. Jobe-Riat*, 316 F.3d 171, 176 (2d Cir. 2003) (noting that interpretation of arbitration agreements "differs from ordinary contract interpretation in that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" (quoting ultimately *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983))).  Nor does she dispute that arbitration may be denied only if the Court can say "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Genesco*, 815 F.2d at 847.  Instead, Plaintiff ignores the presumption in favor of arbitration by narrowly construing the scope of the Application Arbitration Agreement.[9]  The Court should reject this tactic.  First, the Application Arbitration Agreement is plainly susceptible of an interpretation that it covers Plaintiff's claims.  Second, Plaintiff does not dispute that the Offer Letter Arbitration Agreement covers her claims.

**1.    The Application Arbitration Agreement Covers Plaintiff's Claims**

Relying on the prefatory phrase, "in consideration of my employment," Plaintiff argues that the Application Arbitration Agreement applies only to disputes arising <u>after</u> Plaintiff became a "permanent" employee of MP&P.  (Opp. Mem., pp. 12-13.)  As discussed above, Plaintiff misreads the phrase, "in consideration of my employment."  This phrase does not purport to recite the legal consideration for the parties' arbitration agreement or clearly state a condition precedent to the parties' promise to arbitrate disputes.  It refers only to the context of the situation at the time: that both parties were looking toward the prospect of employment.

---

[9]  In at least one of the cases on which Plaintiff relies, the Supreme Court reaffirmed that "due regard ***must*** be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration." *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 62 (1995) (emphasis added) (quoting *Volt Info. Servs., Inc.*, 489 U.S. at 476).

Plaintiff also argues that the Application Arbitration Agreement is too narrow to cover her claims because she was never "permanently" employed. This argument is infirm. The Application Arbitration Agreement requires arbitration of "any issue or dispute arising under or involving any aspect or term of [Plaintiff's] employment at MP&P or the termination of that employment." (Sanjuan Decl., Ex. 1.) Broad arbitration clauses, like this one, render all claims arguably falling within their scope "presumptively arbitrable." *Cf. Collins and Aikman Prods. Co. v. Building Sys., Inc.*, 58 F.3d 16, 20, 23 (2d Cir. 1995) (noting that even collateral matters should be arbitrated). This case is about the circumstances giving rise to, and ultimately the end of, Plaintiff's employment with MP&P. All of her claims arise under or involve some aspect of that employment. As noted above, Plaintiff complains about the termination of her "temporary employment" or "temporary job" with MP&P, that MP&P took an "adverse employment action against her," and seeks "future and past lost wages, lost salary increases, pension benefits, insurance and lost professional opportunities." (Complaint, ¶¶ 2, 4, 12, 34, 38, 42, 44, 47, "Wherefore" clause, ¶ g.) This is ***not*** a case in which she entered into an arbitration agreement in one context (*e.g.,* as a consumer) and that agreement is being asserted to require arbitration of claims arising from another context (*e.g.,* employment).

Even accepting, *arguendo*, Plaintiff's distinction between "temporary" and "permanent" employment, MP&P's offer of "permanent" employment certainly changed an aspect or term of Plaintiff's "temporary" employment. Thus, Plaintiff's complaint about MP&P's withdrawal of that "permanent" offer clearly arises under or involves an "aspect or term of [her] employment at MP&P." Moreover, as Plaintiff also complains about MP&P's termination of her "temporary employment," her claims here clearly arise under or involve "the termination of that employment." As noted above, "any doubts concerning the scope of arbitrable issues should be

resolved in favor of arbitration...." *Moses H. Cone Mem. Hosp.*, 460 U.S. at 24-25.

In conclusion, it cannot be said with "positive assurance" that the Application Arbitration Agreement is not susceptible of an interpretation that covers Plaintiff's claims in this case. Accordingly, the Court should enforce the Application Arbitration Agreement and compel Plaintiff to abide by her agreement and submit her claims to arbitration.

**2.    There Is No Dispute That The Offer Letter Arbitration Agreement Covers Plaintiff's Claims**

Plaintiff does not dispute that the Offer Letter Arbitration Agreement accurately states the scope of claims that she verbally agreed to submit to arbitration. Nor does she dispute that the Offer Letter Arbitration Agreement covers all of her claims in this case. Therefore, Plaintiff should be compelled to submit her claims in this case to arbitration.

**III.    CONCLUSION**

For all the foregoing reasons, MP&P respectfully requests an order dismissing the Complaint or staying these proceedings and compelling Plaintiff to submit her claims to arbitration in accordance with her agreements.

Dated: September 5, 2008
       New York, New York

Respectfully submitted,

/s/ David S. Warner
David S. Warner (DW-4576)
Diana R. Nance (DN-5823)

LITTLER MENDELSON, P.C.
885 Third Avenue, 16th Floor
New York, NY 10022.4834
Telephone: 212.583.9600
Facsimile: 212.832.2719
Email: dwarner@littler.com
       dnance@littler.com

Attorneys for Defendant
Manatt, Phelps and Phillips LLP